[THE STATE, EX REL.] SANFORD *v.* KELLY ET AL.

(No. 2570 — Decided March 2, 1989.)

*Fred L. Scurry,* for relator.
*Stephen A. Schumaker,* prosecuting attorney, for respondents Gene Kelly, Stephen A. Schumaker and Richard T. Cole.

*Per Curiam.* On October 27, 1988, the relator, Harry A. Sanford, filed a motion in the Court of Common Pleas of Clark County to "compel discovery of witness statements, material evidence and favorable evidence * * * and for continuance of trial." Sanford alleged that:

"On the October 10, 1988 pretrial, in chamber, conference in this case, the Clark County Prosecutor indicated that he has not disclosed the statements of the two (2) alleged *'eyewitnesses'* to the alleged crime and/or the statements of *'other eyewitnesses.'* Defendant contends, alleges and claims herein that said *undisclosed* statements are discoverable per Rule 16(B)(1)(c), (d), (e) and (f) of the Ohio Rules of Criminal Procedure and are *KEY* and *VITAL* to defendant's preparation of a defense in his pending capital trial." (Emphasis *sic*.)

By way of entry of October 31, 1988, the trial court overruled Sanford's motion and commented, as follows:

"The State indicated at the hearing that the defendant had been provided all evidence required by Criminal Rule 16 and that the State was aware it was under a continuing order to disclose which the State intended to comply with.

"Defendant indicated he was aware of no failure to disclose except the statements of two witnesses the State intended to call at the trial which evidence defendant claims is subject to disclosure.

"The court finds that Criminal Rule 16 does not require such disclosure until after the witness testifies as is set forth in Criminal Rule 16(B)(1)(g).

"The motion to order [and] to provide the statements of the two witnesses is overruled."

On November 18, 1988, Sanford filed a second motion "to compel discovery and/or motion for reconsideration."

In that motion, Sanford alleged that the trial court's decision "fails to take into consideration that on October 10, 1988 the Clark County Prosecutor and his assistant indicated to this court, in chambers, that the prosecutor's office had the statements or summaries of statements of approximately eight (8) persons other than the statement[s] being withheld of the two eyewitnesses."

On January 3, 1989, the trial court overruled Sanford's motion for reconsideration. On February 14, 1989, after once again requesting the witness statements, Sanford was allegedly told by the Clark County Prosecutor and Sheriff that the records were exempt from disclosure.

Sanford filed a petition in this court, on February 16, 1989, for a writ of mandamus to "compel discovery and inspection of records and documents." Sanford also asked that the March 7, 1989 death penalty trial be continued.

Sanford contends that he is entitled to the writ under Crim. R. 16(B)(1)(c), (d), (e), and (f); R.C. 149.43; and *State, ex rel. National Broadcasting Co.,* v. *Cleveland* (1988), 38 Ohio St. 3d 79, 526 N.E. 2d 786.

In *State, ex rel. Cincinnati Post,* v. *Schweikert* (1988), 38 Ohio St. 3d 170, 172, 527 N.E. 2d 1230, 1231, the Supreme Court stated:

"It is settled that relator, to secure a writ of mandamus, must demonstrate (1) a clear legal right to the relief prayed for; (2) respondents are under a clear duty to perform the acts; and (3) relator has no plain and adequate remedy in the ordinary course of law."

Crim. R. 16(B) provides, in part:

"[1](c) Documents and tangible objects. Upon motion of the defendant the court shall order the prosecuting

attorney to permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, available to or within the possession, custody or control of the state, and which are material to the preparation of his defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant.

"(d) Reports of examination and tests. Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, made in connection with the particular case, or copies thereof, available to or within the possession, custody or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney.

"(e) Witness names and addresses; record. Upon motion of the defendant, the court shall order the prosecuting attorney to furnish to the defendant a written list of the names and addresses of all witnesses whom the prosecuting attorney intends to call at trial, together with any record of prior felony convictions of any such witness, which record is within the knowledge of the prosecuting attorney. Names and addresses of witnesses shall not be subject to disclosure if the prosecuting attorney certifies to the court that to do so may subject the witness or others to physical or substantial economic harm or coercion. Where a motion for discovery of the names and addresses of witnesses has been made by a defendant, the prosecuting attorney may move the court to perpetuate the testimony of such witnesses in a hearing before the court, in which hearing the defendant shall have the right of cross-examination. A record of the witness' testimony shall be made and shall be admissible at trial as part of the state's case in chief, in the event the witness has become unavailable through no fault of the state.

"(f) Disclosure of evidence favorable to defendant. Upon motion of the defendant before trial the court shall order the prosecuting attorney to disclose to counsel for the defendant all evidence, known or which may become known to the prosecuting attorney, favorable to the defendant and material either to guilt or punishment. The certification and the perpetuation provisions of subsection (B)(1)(e) apply to this subsection.

"(g) In camera inspection of witness' statement. Upon completion of a witness' direct examination at trial, the court on motion of the defendant shall conduct an in camera inspection of the witness' written or recorded statement with the defense attorney and prosecuting attorney present and participating, to determine the existence of inconsistencies, if any, between the testimony of such witness and the prior statement.

"If the court determines that inconsistencies exist, the statement shall be given to the defense attorney for use in cross-examination of the witness as to the inconsistencies.

"If the court determines that inconsistencies do not exist the statement shall not be given to the defense attorney and he shall not be permitted to cross-examine or comment thereon.

"Whenever the defense attorney is not given the entire statement, it shall be preserved in the records of the court to be made available to the appellate court in the event of an appeal.

"(2) Information not subject to disclosure. Except as provided in subsections (B)(1)(a), (b), (d), (f), and (g), *this rule does not authorize the discovery or inspection of reports,*

*memoranda, or other internal documents made by the prosecuting attorney or his agents in connection with the investigation or prosecution of the case, or of statements made by witnesses or prospective witnesses to state agents.*" (Emphasis added.)

The statements of approximately eight persons are allegedly being withheld by the prosecutor. The trial court ordered the prosecutor to turn over evidence favorable to Sanford (Crim. R. 16[B][1][f]), and the prosecutor is under an ethical duty to comply. Crim. R. 16 is not available until after a witness testifies (Crim. R. 16[B][1][g]). Furthermore, internal documents made by the prosecuting attorney or his agents in connection with the investigation or prosecution of the case or of statements made by witnesses or prospective witnesses to state agents are not subject to disclosure. See Crim. R. 16(B)(2). Under Crim. R. 16(B), Sanford does not have a clear legal right to the statements and is not entitled to a writ of mandamus.

R.C. 149.43 provides, in part:

"(A) As used in this section:

"(1) 'Public record' means any record that is kept by any public office * * * *except* * * * trial preparation records, confidential law enforcement investigatory records, and records the release of which is prohibited by state or federal law.

"(2) 'Confidential law enforcement investigatory record' means any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of any of the following:

"* * *

"(c) Specific confidential investigatory techniques or procedures or specific investigatory work product;

"* * *

"(4) 'Trial preparation record' means any record that contains information that is specifically compiled in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding, including the independent thought processes and personal trial preparation of an attorney." (Emphasis added.)

The four-paragraph syllabus of *State, ex rel. National Broadcasting Co., v. Cleveland* (1988), 38 Ohio St. 3d 79, 526 N.E. 2d 786, construed R.C. 149.43, as follows:

"1. Law enforcement investigatory records must be disclosed unless they are excepted from disclosure by R.C. 149.43. * * *

"2. A governmental body refusing to release records has the burden of proving that the records are excepted from disclosure by R.C. 149.43.

"3. The specific investigatory work product exception, R.C. 149.43(A)(2)(c), protects an investigator's deliberative and subjective analysis, his interpretation of the facts, his theory of the case, and his investigative plans. The exception does not encompass the objective facts and observations he has recorded.

"4. When a governmental body asserts that public records are excepted from disclosure and such assertion is challenged, the court must make an individualized scrutiny of the records in question. If the court finds that these records contain excepted information, this information must be redacted and any remaining information must be released."

As we read R.C. 149.43 and *State, ex rel. National Broadcasting Co., v. Cleveland ("NBC"), supra,* the trial court is under an affirmative obligation to make an individualized scrutiny of the public records in question whether the one requesting the record is a member of the media or a criminal

defendant. Under our reading of R.C. 149.43 and *NBC, supra,* the trial court has a greater responsibility than that which it has under Crim. R. 16.

Our holding today is not meant to abrogate Crim. R. 16.

Under R.C. 149.43 and *NBC, supra,* the trial court must scrutinize the records in question. If the trial court determines that the records in question are specific investigatory work product under R.C. 149.43(A)(2)(c), or otherwise excepted from disclosure under R.C. 149.43(A)(2), or that the records in question were specifically compiled in reasonable anticipation of a criminal action or proceeding under R.C. 149.43(A)(4), then neither the media nor the criminal defendant would be entitled to the records. The trial court would redact that which was excluded.

If the trial court redacts a portion of the records in question, it must, under seal, make the redacted portions a part of the record for appeal.

Under R.C. 149.43 and *NBC, supra,* Sanford has a clear legal right to the relief prayed for and the respondents have a clear duty to perform the acts. Furthermore, Sanford has no plain and adequate remedy in the ordinary course of law.

Therefore, we grant Sanford's petition for a writ of mandamus and ORDER the trial court to hold an evidentiary hearing to determine the purpose for which the records were compiled. The court may then redact information excepted under R.C. 149.43(A)(2) and (A)(4), but must release any remaining information.

Although we have issued a writ to compel the trial court to determine whether the records in question are subject to disclosure, we decline to issue a writ to compel the trial court to continue the criminal trial. The decision whether to continue the trial rests within the sound discretion of the trial court, based upon when it can ac-complish its responsibility under the writ of mandamus.

*Judgment accordingly.*

WOLFF, P.J., BROGAN and FAIN, JJ., concur.