YEE *v.* LECHNER.

(No. E-89-51—Decided November 1, 1989.)

*K. Ronald Bailey,* for petitioner.
*Gerald Lechner, pro se.*

HANDWORK, P.J. This matter is before the court as an original action for a writ of mandamus. Petitioner, Steven W. Yee, seeks a writ of mandamus from this court ordering respondent, Gerald Lechner, Chief of Police for the city of Sandusky, to provide petitioner with certain documents pursuant to R.C. 149.43.

R.C. 2731.04 governs the procedural requirements for requesting a writ of mandamus. A petition must be filed "in the name of the state on the relation of the person applying." R.C. 2731.04. The requirement that the petition be verified by affidavit has been eradicated by Civ. R. 11. *State, ex rel. Millington,* v. *Weir* (1978), 60 Ohio App. 2d 348, 349, 14 O.O. 3d 310, 311, 397 N.E. 2d 770, 772.

Petitioner's complaint for a writ of mandamus in this action does not comply with the mandates of R.C. 2731.04. Thus, the petition could be dismissed based upon this deficiency alone. *State, ex rel. Cosmos Broadcasting Corp.,* v. *Brown* (1984), 14 Ohio App. 3d 376, 378-379, 14 OBR 481, 483-484, 471 N.E. 2d 874, 879. However, in the interest of justice, we will consider the merits of the petition.

Petitioner is presently facing charges of aggravated murder in Erie County. He asserts that he has made requests of respondent, pursuant to R.C. 149.43, for copies of records and reports containing the objective facts and observations made by the city of Sandusky Police Department in connection with the investigation of the death of David Hartlaub for which petitioner is charged. Allegedly, respondent has failed to comply with these requests.

Public records are open to the general public at reasonable times for inspection and copying. R.C. 149.43(B). "Public records" are defined as records required to be kept by any governmental unit with certain exceptions. R.C. 149.43(A)(1). One exception is made for "[c]onfidential law enforcement investigatory records." R.C. 149.43(A)(2). Such records include those created in connection with law enforcement and which, if released, would create a high probability of risk of disclosing the identity of an uncharged suspect, an information source, or witness to whom confidentiality was promised; "[s]pecific confidential investigatory techniques or procedures or special investigatory work product"; or information which would endanger law enforcement personnel, witnesses, or information sources. R.C. 149.43(A)(2)(a) through (d).

Petitioner cites *Sanford* v. *Kelly* (1989), 44 Ohio App. 3d 30, 541 N.E. 2d 124, in support of his request for a writ of mandamus. In that case, the prosecutor refused to disclose statements of witnesses to the alleged crime. The trial court held that such disclosure was not necessary under Crim. R. 16 until after the witnesses had testified. The rationale behind this ruling was confirmed by the appellate court in connection with the mandamus action. However, the appellate court did issue a writ of mandamus to the trial court compelling it to hold an evidentiary hearing to determine whether the records requested were public records under R.C. 149.43 and, therefore, open to inspection by the petitioner. In that case, the court cited *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland* (1988), 38 Ohio St. 3d 79, 526 N.E. 2d 786, at the syllabus, in

support of its conclusion that a trial court must review the records at issue to determine whether they are public records and, therefore, open to inspection.

As stated in the *Natl. Broadcasting* case, a writ of mandamus is an extraordinary writ and, therefore, never issued unless the petitioner-relator has shown "(1) a clear legal right to the relief prayed for; (2) respondents are under a clear duty to perform the acts; and (3) relator has no plain and adequate remedy in the ordinary course of law." (Citations ommitted.) *Id.* at 80, 526 N.E. 2d at 787.

Generally, a mandamus action would be the only legal means to enforce R.C. 149.43. The *Natl. Broadcasting* case is such an example. However, the case before us is distinguishable. The *Natl. Broadcasting* case involved the media's attempt to inspect public records. The case before us involves a criminal defendant in a pending action. Petitioner in the case before us has an adequate legal remedy to obtain the records he seeks. Crim. R. 17(C) provides that a subpoena may be sought upon motion to the trial court to direct an individual to produce certain documents, etc. Failure to comply with the subpoena exposes such person to contempt charges. The trial court's refusal to grant such a motion is also subject to review by an appellate court. Therefore, we conclude that petitioner has not demonstrated a need to invoke the extraordinary power of this court to issue a writ of mandamus because he had an adequate remedy at law.

Wherefore, we find petitioner's complaint for a writ of mandamus is improper and hereby order the action dismissed at petitioner's costs.

*Writ denied.*

CONNORS and ABOOD, JJ., concur.