CITY OF CHILLICOTHE, Appellee,

v.

KNIGHT, Appellant.

[Cite as *Chillicothe v. Knight* (1992), 75 Ohio App.3d 544.]

Court of Appeals of Ohio,
Ross County.

No. 1821.

Decided June 26, 1992.

*William J. Corzine, III,* City Law Director, for appellee.

*James E. Barrington,* Assistant Ohio Public Defender, for appellant.

---

HARSHA, Judge.

Marleeta I. Knight, defendant-appellant, appeals from a judgment of conviction and sentence entered upon a no contest plea by the Chillicothe Municipal Court finding her guilty of two charges of assault, one charge of resisting arrest, and one charge of disorderly conduct (provoking), all in violation of various sections of the Revised Ordinances of the City of Chillicothe. Appellant, although not explicitly assigning any error pursuant to App.R. 16(A)(2), essentially contends:

"The trial court erred in denying pretrial discovery to defendant of the internal affairs records of the police department."

On May 13, 1991, Chillicothe Police Officer Larry Cox filed complaints which charged appellant with the following offenses stemming from her conduct on the previous day: (1) assault, by causing or attempting to cause physical harm to Officer Cox; (2) assault, by causing or attempting to cause physical harm to Chillicothe Police Sgt. William Stansberry; (3) resisting arrest; (4) criminal trespass; (5) disorderly conduct, with appellant persisting in the disorderly conduct after reasonable warning or request to desist; and (6) attempted petty theft. The trial court consolidated the cases regarding the foregoing offenses, and appellant entered a plea of not guilty to all charges.

Appellant subsequently filed a motion to compel discovery in which she requested, pursuant to Crim.R. 16(B), a "copy of any and all internal use of force reports which may have been filed with respect to this arrest or any of the officers involved, regardless of when reported." The trial court granted appellant's motion and ordered appellee to provide to appellant the requested internal use-of-force reports. Appellee filed a response to the trial court's discovery order which provided in part:

"(1) Beyond that information previously provided and included herein, Plaintiff has no information which may be beneficial to the defense pursuant to Criminal Rule 16(B)(1)(f);

" * * *

"(4) No internal use of force reports have been filed relative to this arrest. Plaintiff has four internal confidential complaints. None of which involve Officer Larry Cox, the complainant on the Resisting Charge. Plaintiff has respectfully requested the Court reconsider its previous Order."

On the same date that appellee filed the additional discovery, it filed a motion for reconsideration of the trial court's discovery order on the basis that the use-of-force reports "involved other officers who may have assisted officer Cox after he was originally resisted by Defendant" and that "[a]ny information contained therein would be collateral to any issue at trial." Appellee noted that it would make the use-of-force reports available to the trial court for an *in camera* examination "should it wish." Appellant filed a responsive memorandum which noted that appellee's motion for reconsideration was in the nature of a request for a protective order and requested the trial court to overrule such motion. Appellant subsequently filed a supplemental memorandum which raised the additional ground that the material should be provided pursuant to Ohio's public records law, R.C. 149.43.

On July 26, 1991, the trial court, without ordering appellee to provide it with copies of the internal use-of-force reports for an *in camera* inspection, granted appellee's motion for reconsideration and protective order for the stated reasons that "the evidence to be proffered is not relevant, and if relevant would be subject to mandatory exclusion pursuant to Rule of Evidence 403(A)." The court further ordered appellee to provide written copies of the requested reports in order that they be sealed and preserved for appellate review. Appellant then changed her plea from not guilty to no contest on the two assault charges, as well as the resisting arrest and disorderly conduct (provoking) charges. In return for the change of plea, appellee dismissed the criminal trespass and attempted petty theft charges. Upon entry of sentence by the trial court, this appeal followed.

Appellant's sole assignment of error asserts that the trial court erred in denying pretrial discovery to defendant of the internal affairs records of the Chillicothe Police Department. The trial court effectively granted a protective order to appellee which precluded discovery of the internal use-of-force reports by appellant. The grant or denial of a protective order can be reversed on appeal only upon a finding that the trial court abused its discretion. See, *e.g., Fairfield Commons Condominium Assn. v. Stasa* (1985), 30 Ohio App.3d 11, 15, 30 OBR 49, 52, 506 N.E.2d 237, 242; *State v. Knoefel* (Nov. 28, 1990), Lorain App. No. 90CA004828, unreported, 1990 WL 190401; *Huntington Natl. Bank v. Stanfield* (May 17, 1990), Cuyahoga App. No. 56992, unreported, 1990 WL 66446. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622, 624.

Appellant contends that the trial court abused its discretion in granting appellee's motion for a protective order because she was entitled to discovery of the use-of-force reports pursuant to Crim.R. 16 and, alternatively, R.C. 149.43. Initially, we reject appellee's contention that pursuant to *Columbus v. Sullivan* (1982), 4 Ohio App.3d 7, 4 OBR 27, 446 N.E.2d 485, appellant's plea of no contest waived any assertion of error on appeal. The plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion. Crim.R. 12(H). In *Sullivan, supra,* the appellate court held that a no contest plea does not preserve for appeal a court's ruling on a pretrial motion which requests an advance ruling on the materiality and relevancy of evidence. Conversely, the trial court's pretrial ruling in the case at bar precluded the discovery of prior use-of-force reports and was not merely an *in limine* ruling on the admissibili-

ty of evidence already within the defendant's possession, *i.e.*, proffered testimony of the defendant's expert witness. Therefore, appellant has not waived her contentions on appeal by virtue of entering a no contest plea, and we proceed to discuss the merits of her argument.

Appellant argues that the trial court erred in granting appellee's motion for a protective order pursuant to Crim.R. 16. The foregoing rule requires that the prosecutor disclose the following pertinent evidence upon demand:

"(B) Disclosure of evidence by the prosecuting attorney.

"(1) Information subject to disclosure.

" * * *

"(c) Documents and tangible objects. Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, available to or within the possession, custody or control of the state, and *which are material to the preparation of his defense,* or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant.

" * * *

"(f) Disclosure of evidence favorable to defendant. Upon motion of the defendant before trial the court shall order the prosecuting attorney to disclose to counsel for the defendant *all evidence,* known or which may become known to the prosecuting attorney, *favorable to the defendant and material either to guilt or punishment.* The certification and the perpetuation provisions of subsection (B)(1)(e) apply to this subsection." (Emphasis added.)

■ Since the requirements of Crim.R. 16(B) and constitutional due process are similar, violations of both occur when the evidence which was allegedly withheld by the prosecution was material either to guilt or punishment, irrespective of good faith or bad faith of the prosecution. *State v. Cunningham* (July 25, 1991), Franklin App. No. 90AP–427, unreported, 1991 WL 139368. The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. *Brady v. Maryland* (1963), 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215; *State v. Wickline* (1990), 50 Ohio St.3d 114, 116, 552 N.E.2d 913, 916. In *State v. Johnston* (1988), 39 Ohio St.3d 48, 529 N.E.2d 898, paragraph five of the syllabus, the Ohio Supreme Court held:

"In determining whether the prosecution improperly suppressed evidence favorable to an accused, such evidence shall be deemed material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome. * * * " See, also, *State v. Jackson* (1991), 57 Ohio St.3d 29, 33, 565 N.E.2d 549, 554–555.

The defense must prove a *Brady* violation and denial of due process. *Id.*, 57 Ohio St.3d at 33, 565 N.E.2d at 554–555. Appellant claimed below that the use-of-force reports, which she has never been provided, were relevant since they went to her "state of mind" for self-defense purposes, and that they might be able to be a basis for impeaching some of the officers' testimony. Under Ohio law, self-defense is an affirmative defense. *State v. Martin* (1986), 21 Ohio St.3d 91, 21 OBR 386, 488 N.E.2d 166, affirmed (1987), *Martin v. Ohio*, 480 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267. To establish self-defense in a nondeadly-force case, one may use such force as the circumstances require in order to defend against danger which one has good reason to apprehend. *State v. Fox* (1987), 36 Ohio App.3d 78, 520 N.E.2d 1390. The use-of-force reports would arguably bolster any claim of self-defense on the part of appellant, but only if she had particular knowledge of the arresting officers' prior conduct in acting in self-defense. Although appellant claims that she did not have to assert such prior knowledge before being entitled to discovery pursuant to Crim.R. 16 and *Brady, supra*, she had the burden of proving that the evidence was favorable and material. *State v. Jackson supra*, 57 Ohio St.3d at 33, 565 N.E.2d at 554–555. By failing to assert any prior knowledge of the officers' past conduct when she was arrested, she was, in effect, hoping to engage in a fishing expedition, *i.e.*, if the officers had previously used excessive force, she would then claim she knew about it when she acted in self-defense. Undoubtedly, the fact of whether or not appellant had prior knowledge about the officers' past conduct would not be contingent on the discovery of these reports.

Although *United States v. Bagley* (1985), 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481, further extends the *Brady* pretrial discovery rule to impeachment evidence, the test remains stringent so that "[t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *Jackson, supra*, at 33, 565 N.E.2d at 554–555. In the case at bar, we are not persuaded that the trial court abused its broad discretion in determining that the proffered evidence, based upon the oral representations of both parties' counsel, was constitutionally immaterial and

not subject to discovery. Where appellant failed to assert facts which satisfy her burden to establish materiality and appellee assured the trial court that it was complying with Crim.R. 16(B)(1)(f), the trial court was under no obligation to conduct an *in camera* review of the use-of-force reports under that rule. *Cunningham, supra,* citing *State v. Patterson* (1971), 28 Ohio St.2d 181, 57 O.O.2d 422, 277 N.E.2d 201. As admitted by appellant in her brief, the "issue herein is not necessarily going to change the final verdict." Our own examination of the sealed reports indicates that three police brutality complaints were previously filed against one of the officers and two police brutality complaints were previously filed against another of the officers involved in subduing appellant. Both of these officers were subpoenaed to testify at the trial, and one was allegedly assaulted in a charge which appellant was convicted upon. Given the failure of appellant or her counsel to assert any prior knowledge on the part of appellant to the trial court that would make the evidence relevant to support a self-defense claim, as well as the fact that appellant gained the dismissal of two of the six charges when she pled no contest to the remaining charges, we are not persuaded that there is a reasonable probability of a different outcome so as to require a reversal of the trial court's determination pursuant to Crim.R. 16, *Brady, supra,* and *Bagley, supra.*

Appellant further asserts that the trial court erred in precluding discovery of the reports pursuant to R.C. 149.43, the Ohio Public Records Law, which she raised below in a supplemental memorandum in opposition to appellee's motion for reconsideration/protective order. Appellee contends that Crim.R. 16 controls over R.C. 149.43 in pending criminal proceedings.

█ Pursuant to R.C. 149.43, the trial court has a greater responsibility than that which it has under Crim.R. 16 in connection with the trial of a criminal case. *Sanford v. Kelly* (1989), 44 Ohio App.3d 30, 541 N.E.2d 124; *State v. Curry* (Oct. 24, 1991), Cuyahoga App. No. 59173, unreported, 1991 WL 221455. Trial courts are fully able to decide R.C. 149.43 issues in any discovery process, including a criminal trial. *State ex rel. Shane v. New Philadelphia Police Dept.* (1990), 56 Ohio St.3d 36, 37, 564 N.E.2d 89, 90; *State ex rel. McGee v. Ohio State Bd. of Psychology* (1990), 49 Ohio St.3d 59, 61, 550 N.E.2d 945, 947.

█ Ohio law favors disclosure of public records. *State ex rel. Zuern v. Leis* (1990), 56 Ohio St.3d 20, 21, 564 N.E.2d 81, 82–83. Law enforcement investigatory records must be disclosed unless they are excepted from disclosure by R.C. 149.43. *State ex rel. Coleman v. Cincinnati* (1991), 57 Ohio St.3d 83, 84, 566 N.E.2d 151, 153. A governmental body refusing to release records has the burden of proving that the records are excepted from

disclosure by R.C. 149.43. *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1988), 38 Ohio St.3d 79, 526 N.E.2d 786, paragraph two of the syllabus. When a governmental body asserts that public records are excepted from disclosure and such assertion is challenged, the court must make an individualized scrutiny of the records in question; if the court finds that these records contain excepted information, this information must be redacted and any remaining information must be released. *Id.* at paragraphs three and four of the syllabus.

Appellee's sole contention on appeal is that Crim.R. 16 controls over R.C. 149.43. Thus, it argues that since appellant is not entitled to discovery of the use-of-force reports pursuant to Crim.R. 16 because she has failed to prove sufficient materiality of the evidence, the trial court did not abuse its discretion in precluding such discovery. Appellee does not claim a specific R.C. 149.43 exception. However, the Ohio Supreme Court has rejected a similar contention:

"Respondents appear to concede that this argument is dependent upon a determination that R.C. 149.43 is procedural in nature, and thus subordinate to Crim.R. 16 by operation of Section 5(B), Article IV of the Ohio Constitution. Even assuming *arguendo* the applicability of the Rules of Criminal Procedure, this argument must fail. R.C. 149.43(B) states that '[a]ll public records shall be * * * made available for inspection to any person * * *.' As recognized in *State ex rel. Natl. Broadcasting Co. v. Cleveland* [ (1988), 38 Ohio St.3d 79, 526 N.E.2d 786], *supra,* R.C. 149.43 'substantially broadened the common-law approach' to 'citizen access to governmental information.' *Id.* at 81, 526 N.E.2d at 788. As such, the right to access conferred by R.C. 149.43(B) is a substantive right. See *Krause v. State* (1972), 31 Ohio St.2d 132, 144–145, 60 O.O.2d 100, 106–107, 285 N.E.2d 736, 744. Because the right to access is substantive, it cannot be abridged by Crim.R. 16. Section 5(B), Article IV of the Ohio Constitution; *Krause v. State, supra,* at paragraph five of the syllabus.

" * * *

"We share the concern that widespread use of R.C. 149.43 by criminal defendants might place an intolerable burden on the administration of criminal justice. This court cannot, however, eliminate this eventuality by ignoring the substantive right conferred upon all persons, including Clark, by R.C. 149.-43(B). Only the legislature can do so, as hereinabove indicated." *State ex rel. Clark v. Toledo* (1990), 54 Ohio St.3d 55, 56–57, 560 N.E.2d 1313, 1313–1315; see, also, *State ex rel. Martin v. Cleveland* (Jan. 8, 1992), Cuyahoga App. No. 60977, unreported, 1992 WL 2861; but, see, *Cunningham, supra.*

Although the *Clark* decision noted that it was only deciding whether R.C. 149.43 is available to a criminal defendant in a post-conviction proceeding and found it unnecessary to address the possible application of R.C. 149.43 to original trial proceedings, its rationale manifestly appears to require a similar holding in the context of an original criminal trial. As previously noted, R.C. 149.43 confers a substantive right, broader than Crim.R. 16, which may not be abridged by the Criminal Rules. *Clark, supra;* see, also, *Sanford, supra; Curry, supra.* Accordingly, appellee's argument to the contrary is without merit.

In *State v. Simmons* (Feb. 10, 1992), Butler App. No. CA91–05–078, unreported, 1992 WL 24783, the Twelfth District Court of Appeals held, without citation of any authority, that although the burden of proving that public records are excepted under R.C. 149.43 is upon the state, before the state is required to meet that burden, a criminal defendant must first articulate a reasonable factual basis as to why he/she believes the records are exculpatory. No Ohio Supreme Court case has engrafted such initial requirement in analyzing R.C. 149.43 and we decline to do so regardless of our resulting conflict with the Twelfth District's holding. Indeed, in *Clark, supra,* 54 Ohio St.3d at 57, 560 N.E.2d at 1315, the Ohio Supreme Court explicitly noted that "[i]t is clear that *any person* may obtain public records pursuant to R.C. 149.43 without the necessity of stating a reason for obtaining those records." (Emphasis *sic.*) Therefore, unlike Crim.R. 16 and the *Brady* requirement that an accused must establish a *Brady* violation and denial of due process, *i.e.*, materiality of the exculpatory evidence, R.C. 149.43 requires *no initial showing or reason* for obtaining the requested public records. Although the possible burden on the administration of criminal justice might be substantial, any remedy in this regard must come from the General Assembly. *Clark, supra,* at 57, 560 N.E.2d at 1315.

The trial court in the case at bar failed to individually scrutinize the records in question when appellee asserted that the records were not subject to disclosure notwithstanding appellant's explicit assertion that the records should have been available to her pursuant to R.C. 149.43. Moreover, the trial court's stated rationale for precluding discovery of these records, *i.e.*, that they were not relevant, and, if relevant, they would be excluded pursuant to Evid.R. 403, does not control the issue of disclosure under R.C. 149.43. Accordingly, the trial court erred in failing to make an individualized scrutiny of the records pursuant to R.C. 149.43, and the case must be remanded for such action. *State ex rel. Natl. Broadcasting Co., supra; Clark, supra.* On remand, appellee may assert whatever R.C. 149.43 exceptions it believes to be applicable.

Appellee does not argue that any error in the trial court failing to provide discovery pursuant to R.C. 149.43 is harmless beyond a reasonable doubt. Although it might appear tempting to so hold, particularly in light of our discussion concerning the "reasonable probability" test of materiality regarding Crim.R. 16 and *Brady*, we are persuaded that the two inquiries are sufficiently distinct. As emphasized previously, *Brady* violations require some proof on the part of the defendant, whereas no reason need accompany a request under R.C. 149.43 for public records. Therefore, appellant's failure to state that she knew of prior police brutality incidents when she was arrested would not preclude her from obtaining the records pursuant to R.C. 149.43 and subsequently asserting such self-defense claim, with the records providing documented support. Thus, we cannot say that if appellant was able to have obtained discovery of these reports that, as a matter of law, she would have still entered a no contest plea. Consequently, such error is not harmless beyond a reasonable doubt.

Accordingly, for the foregoing reasons, appellant's assignment of error is sustained, and the judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PETER B. ABELE, J., concurs.

GREY, J., concurs separately.

GREY, Judge, concurring.

I concur in the judgment and opinion because I think it is an accurate statement of the law as it is. It strikes me as odd, however, that a criminal defendant with a particularized need to have this information and a constitutional right to prepare an adequate defense has to prove it would have been of some use under *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. On the other hand, any person, even one with no interest in the case, is entitled to get the information under the statute, regardless of whether the information would be of any use, because of the public's right to know about public matters. Implicit in the enactment of R.C. 149.43 is the idea that it is for the individual, not the authorities, to decide what is material and relevant. The Supreme Court in *State v. Johnston* (1988), 39 Ohio St.3d 48, 529 N.E.2d 898, and in *State v. Jackson* (1991), 57 Ohio St.3d 29, 565 N.E.2d 549, uses the standard of a probability sufficient to undermine confidence in the outcome. It appears that the legislature has enacted R.C. 149.43 on the grounds that when public officials withhold information on any matter

not specifically exempted, it always undermines our confidence in the outcome.