This is an appeal from a jury verdict after trial before Judge Lillian J. Greene. Appellant Dwight Freeman, who was found guilty of an assault on a police officer, claims that his lawyers rendered constitutionally ineffective assistance when they failed to present evidence of and request jury instructions on self-defense. We disagree and affirm.
On May 15, 1999, then 29 year-old Freeman entered the Walgreen's drug store at East 114th Street and Union Avenue in Cleveland where Brian Miller, an off-duty Cleveland police officer in uniform, was working as a security officer. From the record it appears that Miller was stationed near the checkout lines when a female customer, leaving the store, caught his attention, summoned him outside, and told him that the guy who was just about to come out of the store just shoplifted something. Miller turned around and the next person to come out of the door was Freeman. He stated I put my hand up to stop him, to ask him if he had taken something but that Freeman pushed him and tried to run away. He said he grabbed at Freeman to stop him, that Freeman punched him and, in an on-going attempt to escape, Freeman continued to strike him. Eventually two citizens joined the fray and assisted in subduing Freeman who was then handcuffed.
On-duty Cleveland police officers arrived, Freeman was placed under arrest, transported to the police station for booking and, after he complained of an injury to his hand, was transported to a hospital for treatment. Freeman had not been searched at the scene at the station. After arriving at the hospital one of the police officers discovered a package of cigars in the back seat of the police car and suspected that it had been stolen from Walgreens. The officer found another package of cigars beneath Freeman on the floor of the emergency room and four more packages of cigars were found on Freeman's person.
Freeman was transported to jail, where he remained until trial. It is unclear whether and when a preliminary hearing was conducted and the record does not show whether he was informed of his right to counsel at an initial appearance or whether he requested counsel but, in any event, he was not assigned counsel in the initial stages of the proceedings.
On July 15, 1999, a grand jury returned a two count indictment against Freeman that charged him with robbery in violation of R.C. 2911.02, and assault in violation of R.C. 2903.13. The assault charge included a specification pursuant to R.C. 2903.13(C)(3), charging that Freeman assaulted a peace officer * * * while in the performance of his official duties. On July 20, 1999 he was arraigned in the Cuyahoga Court of Common Pleas, and a lawyer was appointed to represent him. By that date, however, Freeman had been held in jail in lieu of bond since May 15th and sixty-six days of his ninety day speedy trial deadline had passed.
At a pretrial conference on August 3, 1999, Freeman's lawyer asked to withdraw, citing his inability to prepare for trial within the time remaining before the statutory speedy trial deadline and Freeman's staunch refusal to waive the deadline. The lawyer claimed that a preliminary hearing had been held, that he believed a transcript of that hearing was important to the defense, but that a transcript could not be obtained unless Freeman agreed to continue the trial. On the same date he filed a motion for discovery pursuant to Crim.R. 16, and a motion for a bill of particulars pursuant to Crim.R. 7(E). The judge granted the motion to withdraw and appointed the Public Defender's office to represent Freeman. At a pretrial conference the next day, trial was set for August 11, 1999.
Before trial began on August 11th, Freeman's new lawyers stated for the record their discomfort with the proceedings because both believed that they would have prepared more thoroughly, done more investigation, and obtained further discovery if Freeman had been willing to waive the speedy trial deadline. Freeman complained that they had not obtained evidence in his favor, specifically mentioning videotape records from the Walgreens store that he believed would aid his defense. The State formally responded to Freeman's discovery request and motion for bill of particulars on August 11, the day of trial.
Of the State's six witnesses, Miller testified that Freeman assaulted him as he tried to stop him for questioning about the alleged shoplifting, the two persons who aided in subduing Freeman also testified each saw Freeman punch Miller, although no one but Miller was able to testify concerning the initial confrontation. Freeman did not testify and presented no other evidence or witnesses in his defense, although during cross-examination and in argument his lawyers attempted to show and argued that Freeman's actions were justified because Miller initiated the assault by wrongfully attempting to detain him. They also argued that Freeman resisted only because Miller's actions, and those of the two citizens, were excessive, but they did not request an instruction on self-defense.
The jury acquitted Freeman of the robbery charge but convicted him of the assault charge and the specification, finding that Miller was engaged in the performance of his official duties at the time of the assault. Freeman waived a presentence investigation and requested immediate sentencing. The prosecutor advised the judge that Freeman had fourteen prior convictions, and requested the maximum prison sentence. The judge noted that the fourth degree felony conviction carried a presumption of community control, but found that Freeman's prior record and the testimony in the case warranted a prison term, and sentenced Freeman to fourteen months in prison.
Freeman asserts a single assignment of error, as follows:
 THE APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
Freeman claims ineffective assistance of counsel because self-defense was the only viable defense to the assault charge and, while his lawyers attempted to establish that defense through cross-examination and argument, they failed to allow the jury to acquit on this theory when they failed to request proper instructions. The State counters that a decision not to raise that cannot be considered objectively unreasonable when there is not evidence to suggest Freeman acted in self-defense.
In order to show constitutionally ineffective assistance, Freeman must show that his lawyers' performance fell below an objective standard of reasonableness, and that he was prejudiced by the incompetence. Strickland v. Washington (1984), 466 U.S. 668, 687-94, 104 S.Ct. 2052,2064-68, 80 L.Ed.2d 674, 693-698; State v. Johnson (2000),88 Ohio St.3d 95, 108, 723 N.E.2d 1054, 1067. In order to show that his lawyers' conduct was unreasonable, he must overcome the presumption that they provided competent representation, and show that their actions were not trial strategies prompted by reasonable professional judgment. Strickland, 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695. In order to show prejudice, he must show a reasonable probability — that is, a probability sufficient to undermine confidence in the outcome — that the result would have been different if his lawyers had acted competently. Id. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.
In Ohio, self-defense is an affirmative defense that an accused must prove by a preponderance of the evidence. State v. Perez (1991),72 Ohio App.3d 468, 472, 594 N.E.2d 1041, 1044. In order to prove self-defense a, defendant must show that he reasonably believed he was in danger, and that the force used in defense was reasonable in light of the threatened harm. Id; Chillicothe v. Knight (1992),75 Ohio App.3d 544, 550, 599 N.E.2d 871, 875.
There was evidence that Miller initially attempted to stop Freeman without force, that Freeman pushed him away and then began punching Miller when Miller physically attempted to keep him from running away. The evidence did not show that Freeman reasonably could have feared that Miller was trying to harm him, as it was apparent that Miller was attempting only to stop Freeman from running away so he could question him about the theft allegation. On the evidence presented, no jury could accept Freeman's conduct as a reasonable use of force to defend himself against Miller.
Furthermore, in order to prove self-defense Freeman would have to establish not only that he reasonably could have feared harm, but that he actually believed harm was imminent. In order to prove this element it is quite possible that he would have had to testify on his own behalf and be subjected to rigorous cross-examination concerning his criminal record. Although Freeman's criminal history is not in the record, the prosecutor's representation at sentencing noting Freeman's fourteen prior offenses went unchallenged. We can infer that Freeman had at least some criminal history, and that allowing the jury to hear that history could have led to a robbery conviction.[1]
By referring to some elements of self-defense and suggesting its possibility, Freeman's lawyers, in fact, gave the jury the opportunity to acquit him of the charge without requesting specific instructions. Had those instructions been requested the jury would have been alerted to Freeman's burden to prove the defense, and the missing elements in his assertion of the defense. We cannot find that Freeman's lawyers were incompetent in failing to present more evidence of self-defense or in failing to request jury instructions, nor do we find that he was prejudiced by his attorneys' conduct.
We are concerned, however, that Freeman was not given appointed counsel until sixty-six days after his arrest, and that his first lawyer then waited another fourteen days before filing a request for discovery and a motion for a bill of particulars, and at the same time requested to withdraw. Crim.R. 44(A) provides:
 Where a, defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the, defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.
Nothing in the record indicates that Freeman had retained other counsel or waived his right to counsel for sixty-six days before having a lawyer appointed. Therefore it appears that Freeman's right to counsel was violated, and that this violation was then used in an attempt to convince him to waive his statutory speedy trial right. When Freeman adamantly insisted on protecting that right, the judge allowed his attorney to withdraw when he cited his inability to prepare in the time remaining, despite the fact that subsequently appointed counsel would have even less time to prepare. The judge told Freeman on the record that the time constraints faced by his appointed lawyers were no one's fault. Crim.R. 44(A) indicates otherwise. Either Freeman took some action that indicated he did not desire or need assigned counsel for sixty-six days, or court officials failed to assign him counsel.
Freeman did complain that his lawyers failed to gather adequate evidence prior to his trial and his lawyers stated for the record their lack of preparation. The record on appeal, however, does not show whether any further evidence or preparation could have aided the self-defense assertion or provided another defense.
Freeman does not argue on appeal that the failure to provide counsel is presumptively prejudicial, or even that it was error, and we cannot find this action plain error even though it seems inappropriate to force a, defendant to choose between maintaining his speedy trial rights or giving belatedly assigned counsel time to prepare. Not only is it necessary to consider arguments on both the propriety and prejudicial effect of these circumstances, the appropriate remedy would require argument even if error was found. We are already aware that Freeman was willing to assert his speedy trial right even at the risk of harming his defense but we are unwilling to assume that Freeman or his lawyers overlooked the issues concerning the denial of counsel or deliberately ignored them in order to seek other remedies. The assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The, defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J., CONCURS IN JUDGMENT ONLY; LEO M. SPELLACY, P.J., CONCURS IN JUDGMENT ONLY WITH SEPARATE CONCURRING OPINION.
[1] Despite the fact that a, defendant's criminal record theoretically is admissible only for impeachment purposes, defense counsel would be remiss in failing to recognize the realistic effect of placing a, defendant's extensive criminal history before a jury.