[Cite as *In re N.K.*, 2021-Ohio-3858.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

In re N.K.

Court of Appeals No.  S-21-001

Trial Court No.  22020129
22020131

**DECISION AND JUDGMENT**

Decided:  October 29, 2021

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexist M. Otero, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant

* * * * *

**DUHART, J.**

{¶ 1} Appellant, N.K., appeals the judgment entered by the Sandusky County

Court of Common Pleas, Juvenile Division, on May 7, 2021, adjudicating appellant a

delinquent child for the offenses of assault and felonious assault.  For the reasons that

follow, we affirm the judgment of the trial court.

## Facts and Procedural Background

{¶ 2} On June 7, 2020, the victim, while driving to a local restaurant to pick up his takeout order, encountered a group of five juveniles walking on Hayes Avenue, in Fremont, Sandusky County, Ohio. The victim testified that because the juveniles were walking in the street, he was forced to stop his vehicle on the roadway. The victim further testified that when he sounded his horn, the juveniles swore at him and yelled verbal threats, before finally moving out of the road. The victim proceeded past the group and parked his car in the overflow lot located across the street from the restaurant. When the victim got out of his car, he saw the group approaching and moved toward them. Words were exchanged between the victim and the juveniles, including the then 16-year-old appellant. Appellant and Isaiah, who was another juvenile in the group, described the victim as appearing intoxicated. Appellant testified that as the victim walked toward him, he told the victim, "If you touch me, I'm going to hurt you." Thereafter, the victim shoved appellant in the face with an open hand. In response, appellant took off his backpack, pulled up his pants, and charged toward the victim, who began backing away. Appellant punched the victim in the face and then tackled him to the ground. Video of the altercation reveals that appellant got on top of the victim and held the victim to the ground, with his arm around the victim's neck, as he continued to punch the victim in the head and upper body, until (after approximately 9-10 seconds) his friends eventually got him off. Appellant walked away with his friends and left the area.

2.

**{¶ 3}** Appellant and his group of friends were later located by the Sandusky County Sheriff's Department at a nearby apartment complex. The group admitted to deputies that they were involved in the altercation. Appellant, in particular, admitted on camera that he had engaged with the victim and had "beat the shit out of him."

**{¶ 4}** Appellant was charged with two charges of delinquency, in violation of R.C. 2152.02(E)(1), for one count of assault in violation of R.C. 2903.13(A) and for one count of felonious assault in violation of R.C. 2903.11(A)(1). The matter proceeded to a two-day adjudication, in front of a magistrate. The court took the matter under advisement, and the magistrate issued a written decision on November 20, 2020, finding appellant was delinquent for the offense of felonious assault and for the lesser included offense of assault.

**{¶ 5}** On May 7, 2021, the trial judge issued a judgment entry adopting the magistrate's November 20, 2020 decision. Appellant was sentenced to community control, a period of 90 days in juvenile detention, with credit and with remaining days stayed, and a stayed commitment to DYS for a minimum of one year and a maximum period not to exceed the attainment of appellant's 21st birthdate. As part of his community control, appellant was ordered to complete 75 hours of community service, pay $1,025.87 in restitution, have no contact with any co-delinquents from this matter, complete a general counseling assessment and follow all recommendations. Appellant timely filed an appeal of this judgment entry.

3.

## Assignment of Error

{¶ 6} On appeal, appellant asserts the following assignments of error:

1. The finding of delinquency to felonious assault and assault was against the sufficiency of the evidence as the State failed to prove beyond a reasonable doubt that N.K. was not entitled to use self-defense after he was stalked by an adult, aggressively approached by that adult and then struck in the face.

2. The judgment of the trial court was against the manifest weight of the evidence, in that the evidence clearly established that N.K. acted in self-defense.

## Analysis

{¶ 7} Before March 28, 2019, Ohio law provided that self-defense was an affirmative defense, requiring a defendant to prove the elements of self-defense by a preponderance of the evidence. *See, e.g., State v. Lindsey*, 10th Dist. Franklin No. 14AP-751, 2015-Ohio-2169, ¶ 45, citing *State v. Martin*, 21 Ohio St.3d 91, 93, 488 N.E.2d 166 (1986). "Effective March 28, 2019, however, following revisions to R.C. 2901.05, a defendant no longer bears the burden of establishing the elements of self-defense by a preponderance of the evidence." *State v. Messenger,* 2021-Ohio-2044, -- N.E.3d -- , ¶ 36 (10th Dist.), citing R.C. 2901.05(B)(1) and *State v. Carney*, 10th Dist. Franklin No. 19AP-402, 2020-Ohio-2691, ¶ 31. "Instead, the self-defense statute now 'place[s] the

4.

burden on the prosecution to disprove at least one of the elements of self-defense beyond a reasonable doubt.'" *Messenger* at ¶ 36, citing *Carney* at ¶ 31. Specifically, R.C. 2901.05(B)(1) provides:

> A person is allowed to act in self-defense, defense of another, or defense of that person's residence. If, at the trial of a person who is accused of an offense that involved the person's use of force against another, there is evidence presented that tends to support that the accused person used the force in self-defense, defense of another, or defense of that person's residence, the prosecution must prove beyond a reasonable doubt that the accused person did not use the force in self-defense, defense of another, or defense of that person's residence, as the case may be.

{¶ 8} Appellant argues in his first assignment of error that "the finding of delinquency to felonious assault and assault was against the sufficiency of the evidence as the State failed to prove beyond a reasonable doubt that [appellant] was not entitled to use self-defense." In *Messenger*, supra, the Tenth District Court of Appeals considered the question of whether the burden-shifting language of R.C. 2901.05(B)(1) renders the absence of self-defense an essential element of the charged offense, such that it is appropriate for a sufficiency of the evidence review. Concluding that it does not, the court observed, "there is nothing in the current version of R.C. 2901.05(B)(1) indicating that by shifting the burden of proof on the affirmative defense of self-defense, the

5.

General Assembly intended to transform the absence of self-defense into an essential element of a criminal offense." *Messenger* at ¶ 43. "Instead, the structure of R.C. 2901.05 contemplates the proof required for 'all elements of the offense' as separate and distinct from the proof required for an affirmative defense even where the state bears the burden of disproving the affirmative defense." *Id.*, citing R.C. 2901.05(A) and (B)(1). We agree with the analysis of the Tenth District, and likewise conclude, that because the General Assembly has not explicitly designated the absence of self-defense as contained in R.C. 2905(B)(1) an essential element of the charged offense, it would be error to read such a designation into the statute. *See Messenger* at ¶ 43.

{¶ 9} Also relevant to our analysis is the fact that "[a] challenge to the sufficiency of the evidence involves the prosecution's burden of production, while a challenge to the weight of the evidence involves the prosecution's burden of persuasion." *State v. Petty*, 10th Dist. Franklin No. 11AP-716, 2012-Ohio-2989, ¶ 23. Under the current version of R.C. 2901.05, the burden of proof for the affirmative defense of self-defense has shifted to the state, but the burden of production for all affirmative defenses, including self-defense, remains with the defendant. *Messenger* at ¶ 44. Because the state does not bear the burden of production with respect to self-defense, "it follows that sufficiency of the evidence is not the proper framework to review whether the state proved the absence of self-defense." *Id.* Because sufficiency of the evidence is not the proper framework to

6.

review whether the state proved the absence of self-defense, appellant's first assignment of error is found not well-taken.

{¶ 10} Appellant argues in his second assignment of error that "[t]he judgment of the trial court was against the manifest weight of the evidence, in that the evidence clearly established that [appellant] acted in self-defense." When reviewing a manifest weight argument, an appellate court's function is to determine whether the greater amount of credible evidence supports the verdict. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio2179, 972 N.E.2d 517, ¶ 12; *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 1997-Ohio-52 (1997). Essentially, "[a] manifest weight of the evidence challenge contests the believability of the evidence presented." *State v. Wynder*, 11th Dist. Ashtabula No. 2001-A-0063, 2003-Ohio-5978, ¶ 23. When determining whether a conviction is against the manifest weight of the evidence, the appellate court must review the record, weigh the evidence and all reasonable inferences drawn from that evidence, consider the credibility of the witnesses and decide, in resolving any conflicts in the evidence, whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Prescott*, 190 Ohio App.3d 702, 2010-Ohio-6048, 943 N.E.2d 1092, ¶ 48 (6th Dist.), citing *Thompkins* at 387.

{¶ 11} It is well established that the weight to be given to the evidence and to the credibility of witnesses is primarily for the trier of fact to decide. *State v. Thomas*, 70

7.

Ohio St.2d 79, 80, 434 N.E.2d 1356 (1982).  In reviewing a manifest weight of the evidence challenge, an appellate court acts as a "thirteenth juror."  *State v. Moore*, 6th Dist. Wood No. WD-18-030, 2019-Ohio-3705, ¶ 99-100.  "Fundamental to the analysis is that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."  *State v. Gist*, 6th Dist. Lucas No. L-12-1355, 2014-Ohio-3274, ¶ 26, citing *C.E. Morris Co. v. Foley Constr. Co.,* 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

{¶ 12} The elements of self-defense differ depending upon whether the defendant, in defending himself, used deadly or non-deadly force.  "Deadly force" is defined as "any force that carries a substantial risk that it will proximately result in the death of any person."  R.C. 2901.01(A)(2).  A "substantial risk" is "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist."  R.C. 2901.01(A)(8).  Case law establishes that while a single punch, standing alone, may not constitute deadly force, the act of delivering multiple punches, in succession, to another's head may rise to the level of deadly force.  *See, e.g., State v. Triplett*, 192 Ohio App.3d 600, 2011-Ohio-816, 949 N.E.2d 1058, ¶ 14 (8th Dist.).  ("We do not agree that one punch, even when a death occurs is comparable to deadly force.); *see also, State v. Jeffers*, 11th Dist. No. 2007-L-011, 2008-Ohio-1894, ¶

8.

78 ("[T]he act of delivering multiple punches, in succession, to another's head may rise to the level of deadly force.").

{¶ 13} A defendant uses deadly force in self-defense when: (1) he was not at fault in creating the situation giving rise to the affray; (2) he had a bona fide belief he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was the use of deadly force; and (3) he did not violate any duty to retreat or avoid the danger. *State v. Allen*, 6th Dist. Lucas No. L-18-1191, 2020-Ohio-4493, ¶ 92, citing *State v. Robbins*, 58 Ohio St.2d 74, 388 N.E.2d 755 (1979), paragraph two of the syllabus.

{¶ 14} By contrast, a defendant uses non-deadly force in self-defense when: (1) the defendant was not at fault in creating the situation giving rise to the altercation; and (2) the defendant had reasonable grounds to believe and an honest belief, even though mistaken, that he was in imminent danger of bodily harm and his only means to protect himself from such danger was by the use of force not likely to cause death or great bodily harm. *State v. Owens*, 6th Dist. Lucas Nos. L-18-1056, L-18-1057, 2019-Ohio-311, ¶ 9.

{¶ 15} The law is clear that "[t]he state is required to disprove only one of the elements of self-defense beyond a reasonable doubt in order to sufficiently disprove a defendant's claim of self-defense." *Messenger*, at ¶ 50.

9.

{¶ 16} In addition, this court, in *State v. Johnson*, 6th Dist. No. L-08-1325, 2009-Ohio-3500, recognized the following limitations to the application of self-defense:

> The defense is not available unless the defendant shows that the force used to repel the danger was not more than the situation reasonably demanded. *Close v. Cooper* (1877), 34 Ohio St. 98, 100. 'One may use such force as the circumstances require. *Chillicothe v. Knight* (1992), 75 Ohio App.3d 544, 550, 599 N.E.2d 871. The defense is not applicable 'if the force is so grossly disproportionate to [the] apparent danger as to show revenge or an evil purpose to injure.' *State v. Weston* (July 16, 1999), 4th Dist No. 97CA31. 'The force used to defend must be objectively necessary and reasonable under the facts and circumstances of the case and in view of the danger apprehended.' *Martin v. Cent. Ohio Transit Auth.* (1990), 70 Ohio App.3d 83, 93, 590 N.E.2d 411. When one uses a greater degree of force than is necessary under all the circumstances, it is not justifiable on the ground of self-defense. *State v. McLeod* (1948), 82 Ohio App. 155, 157, 80 N.E.2d 699.

*Id.,* at ¶ 12.

{¶ 17} Appellant argues that his conviction was against the manifest weight of the evidence, because "[t]he manifest weight of the evidence showed that [he] used non-

10.

deadly force in self-defense and [therefore] the Trial Court erred in finding him delinquent of assault." Arguing against this conclusion, the state submits that competent and credible evidence presented at trial supports a finding that appellant used deadly force, rather than non-deadly force, and that the use of such force did not constitute self-defense.

{¶ 18} In the magistrate's decision, which was adopted by the trial court, the court determined that appellant's actions did not constitute self-defense under either test. Specifically, the court found that appellant did not have a reasonable basis to believe that he was in danger of bodily harm as a result of the victim's actions, and, further -- even if appellant did feel he was in imminent danger of bodily harm -- he exceeded the force necessary under the circumstances. With respect to the deadly force analysis, in particular, the court noted that appellant did not make any attempt to retreat or to avoid the situation.

{¶ 19} In the instant case, the evidence showed that after the victim shoved appellant in the face with an open hand, appellant, by his own admission, "beat the shit out of him." The injuries sustained by the victim included injuries to his elbow requiring eight stitches, and a fractured eye socket, the treatment of which involved an overnight stay in the hospital. The swelling of the victim's eye kept the victim from seeing out of that eye for approximately five days. The victim's nose was left bloody, and he had

11.

headaches, scratches down the left side of his body, and difficulty breathing. He described the pain as the worst pain he had ever felt.

{¶ 20} Appellant argues that he reasonably believed that he was in imminent danger of bodily harm, because he was "scared and a little confused" after he was struck by the victim. Appellant testified that less than a year before the altercation in question, he had been attacked by surprise, by three men with a bat, and that when appellant hit him, he felt like he "was going to be a victim again and get beat – beat up like * * * last time." Appellant further testified that he felt "a little intimidated" by the victim, and that once he was struck by the victim, he "kind of just finished what [he] had to do."

{¶ 21} In rejecting appellant's claim of self-defense, the trial court noted that although the group of five boys were all much younger than the victim, they were all also in "stronger physical shape." Testimony by appellant himself revealed that he is a varsity athlete who lifts weights and, by his own admission, is very athletic. Appellant further testified that at the time of the encounter, the victim seemed intoxicated. Upon being shoved by the victim, appellant, threw his bag to the ground and tackled the victim. On this evidence, the trial court concluded that it was not reasonable that appellant was afraid of the older, supposedly drunk, man, who had merely pushed him.

{¶ 22} The court additionally distinguished this case from the previous incident during which appellant was attacked. In this case, appellant was with four friends, all of whom, by the court's estimation, were in the same size range as the victim. On this

12.

evidence, the court determined that "whatever [appellant's] victimization was in the past does not necessarily give rise to a reasonable belief that he was in imminent danger of bodily harm." In addition, appellant testified that he had "learned self-control" from this incident. Such testimony is not indicative of one who reacted out of fear, as would a victim, but rather of someone who reacted without control of his temper.

{¶ 23} Based on our review of the record, we conclude that, whether appellant is considered to have used deadly or non-deadly force, competent credible evidence supports, beyond a reasonable doubt, a finding that appellant did not act in self-defense in this instance and, further, that appellant's use of force was more than the situation reasonably demanded. We, therefore, affirm the judgment of the Sandusky County Court of Common Pleas, Juvenile Division. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Gene A. Zmuda, P.J.

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.