The STATE of Ohio, Appellee,

v.

SIMMONS, Appellant.

[Cite as *State v. Simmons* (1993), 87 Ohio App.3d 290.]

Court of Appeals of Ohio,
Butler County.

No. CA–92–03–049.

Decided June 1, 1993.

*John F. Holcomb,* Butler County Prosecuting Attorney, and *John J. McCracken,* Assistant Prosecuting Attorney, for appellee.

*Fred Miller,* for appellant.

---

Jones, Presiding Judge.

Defendant-appellant, Calvin J. Simmons, appeals his conviction for aggravated trafficking in violation of R.C. 2925.03(A)(1) following a no contest plea in Butler County Common Pleas Court. This court previously reversed appellant's conviction for the same offense and remanded the case for further proceedings regarding appellant's motion to compel discovery. *State v. Simmons* (Feb. 10, 1992), Butler App. No. CA91–05–078, unreported, 1992 WL 24783.

As his sole assignment of error, appellant claims the trial court erred in overruling his motion to compel discovery of the state's police investigatory files.

Appellant filed a pretrial discovery request in which he requested, among other things, "[d]ocuments and tangible items, including * * * all police investigative reports and files on defendant that would be available to defendant from the City of Hamilton Police Department pursuant to Section 149.43 of the Ohio Revised Code." In *Simmons, supra,* at 4–5, we held that before the state must meet its burden of proving that such records are exempt from disclosure, "a criminal

defendant must first articulate a reasonable factual basis as to why he believes the records are exculpatory." Appellant now claims the trial court erred by requiring appellant to first show an exculpatory basis for the requested police file before requiring the state to prove the applicable public records exemption.

■ The case at bar presents the paradoxical relationship between Crim.R. 16 and R.C. 149.43, Ohio's public records statute. As we previously noted, appellant's Crim.R. 16 discovery request constituted a public records demand. *Simmons, supra,* at 3. Furthermore, it is well recognized that trial courts may decide public records issues during the criminal discovery process. *Id.* See, also, *State ex rel. Shane v. New Philadelphia Police Dept.* (1990), 56 Ohio St.3d 36, 564 N.E.2d 89. The contradictory positions between the procedural rule and the public records law are reflected in the fact that a criminal defendant cannot obtain a police report via discovery under Crim.R. 16. *Beachwood v. Cohen* (1986), 29 Ohio App.3d 226, 29 OBR 272, 504 N.E.2d 1186; *Simmons, supra,* at 2. However, the accused may acquire those same records by making a public records request under R.C. 149.43. The question left unanswered by *Simmons* is whether a criminal defendant may simply transcend the restrictions of Crim.R. 16 by including a reference to R.C. 149.43 in his discovery request.

■ Due process requires that a criminal defendant be afforded a meaningful opportunity to present a complete defense. *California v. Trombetta* (1984), 467 U.S. 479, 485, 104 S.Ct. 2528, 2532, 81 L.Ed.2d 413, 419. To protect this right, the courts have developed what might be referred to as the area of constitutionally guaranteed access to evidence. *Id.* Nevertheless, there is no constitutional right to discovery, even in a criminal case. *Weatherford v. Bursey* (1977), 429 U.S. 545, 559, 97 S.Ct. 837, 846, 51 L.Ed.2d 30, 42; *Midland Steel Prods. Co. v. U.A.W. Local 486* (1991), 61 Ohio St.3d 121, 131, 573 N.E.2d 98, 106.

■ Discovery is the means by which attorneys exchange certain information pertaining to a pending case. *State v. Forehope* (1991), 71 Ohio App.3d 435, 440, 594 N.E.2d 83, 85. Crim.R. 16, which parallels Fed.R.Crim.P. 16, governs the discovery process in criminal proceedings. *State v. Stutts* (Jan. 2, 1991), Lorain App. No. 90CA004879, unreported, 1991 WL 1964. The language of Crim.R. 16 does not suggest that the rule was intended to be an all-encompassing declaration of the entire scope of permissible pretrial discovery. *Id.* However, it is generally accepted that it is within the trial court's discretion to grant any discovery beyond the scope of that required by Crim.R. 16. *State v. Landrum* (1990), 53 Ohio St.3d 107, 119, 559 N.E.2d 710, 725, certiorari denied (1991), 498 U.S. 1127, 111 S.Ct. 1092, 112 L.Ed.2d 1196.

■ Appellant's discovery request clearly goes beyond the purview of Crim.R. 16. As noted by the court in *Stutts, supra* at 5, the following standard is appropriate when considering such a request:

"Initially, when a party seeks to discover materials not identified in Crim.R. 16, some evidence should be presented justifying a departure from standard practice unless such a need is readily apparent. *United States v. Richter* (C.A.9, 1973), 488 F.2d 170, 175; *United States v. Germain* (S.D.Ohio 1975), 411 F.Supp. 719, 725. *There should be, at the very least, a demonstration that such evidence is potentially exculpatory and cannot be obtained by other reasonable means.* See, generally, *Trombetta, supra*, at 489; *Columbus v. Forest* (1987), 36 Ohio App.3d 169 [522 N.E.2d 52]. Crim.R. 16 is a time-tested standard which promotes regularity and efficiency in discovery proceedings. Since we are loathe to encourage a rash of "creative" discovery demands of little merit, trial judges should transcend Crim.R. 16 only when absolutely necessary." (Emphasis added.)

In *Simmons*, we noted that where a defendant requests evidence beyond the scope of Crim.R. 16, "the defendant must first articulate a reasonable factual basis as to why he believes the records are exculpatory." We believe such is consistent with the Supreme Court's observation in *Trombetta, supra*, that there be a demonstration that the evidence is potentially exculpatory before transcending Crim.R. 16.

In the recent decision of *State ex rel. Vindicator Printing Co. v. Watkins* (1993), 66 Ohio St.3d 129, 609 N.E.2d 551, members of the news media made a public records demand in a criminal case. The Ohio Supreme Court held that since the defendant was not seeking the disclosure of public records, the case presented "no occasion to consider any alleged inconsistency between Crim.R. 16(B)(2) and R.C. 149.43." *Id.* at 135, 609 N.E.2d at 556. The court went on to apparently suggest, however, that much of the same analysis undertaken in the context of a Crim.R. 16 discovery request would apply in an *in camera* examination under R.C. 149.43. *Id.*

■ Although *Watkins* suggests that the same analytical framework would be employed for the review of Crim.R. 16 and R.C. 149.43 requests, *Watkins* does not specifically state whether a Crim.R. 16 discovery request, with nothing more, requires a trial court to proceed to an *in camera* inspection of disputed documents or records. An *in camera* review may well be necessary to ultimately determine whether a criminal defendant is entitled to certain documents. However, we find that our holding as outlined above—requiring a defendant to first demonstrate a potential exculpatory or relevant basis before conducting further review of the records in question—is not inconsistent with the court's holding in *Watkins*.

A review of the record in the case at bar reveals that appellant failed to demonstrate any basis as to why he believed the requested records were potentially exculpatory or otherwise relevant to the preparation of a defense. We accordingly conclude that the trial court did not err in denying appellant's motion to compel discovery. The assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

WALSH, J., concurs.

KOEHLER, J., dissents.

KOEHLER, Judge, dissenting.

The majority now reaffirms its holding in *State v. Simmons* (Feb. 10, 1992), Butler App. No. CA91–05–078, unreported, 1992 WL 24783. I do not believe that a criminal defendant requesting inspection of public records under Crim.R. 16 or R.C. 149.43 "must first articulate a reasonable factual basis for why the records are exculpatory." I believe a request for such records must be followed by an *in camera* hearing and the state then has the burden of proving the exception.

Judge Harsha, in his excellent opinion in *Chillicothe v. Knight* (1992), 75 Ohio App.3d 544, 599 N.E.2d 871, provides the basis for reversal of *Simmons, supra,*[1] and accordingly I dissent. This cause should be certified to the Supreme Court to decide the apparent conflict between rule and statute.

---

1. See, also, *State ex rel. Fant v. Enright* (1993), 66 Ohio St.3d 186, 610 N.E.2d 997.