**In re JONES.**

[Cite as *In re Jones* (1998), 132 Ohio App.3d 173.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–980468.

Decided Dec. 24, 1998.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Jennifer E. Day,* Assistant Prosecuting Attorney, for appellee.

*Ravert J. Clark,* for appellant.

PAINTER, Judge.

We are asked to decide a case evidently of first impression. The parties have cited us to no cases on point, and our exhaustive research has discovered none. This situation is especially surprising because it would seem that the conundrum here would arise more often.

John C. Williams was indicted on one count of carrying a concealed weapon and one count of having a weapon while under disability for an incident that occurred on December 23, 1996. Attorney Christine Y. Jones was appointed by the court to represent Williams. In January 1997, Jones made a public records request to the Cincinnati Police for a 911 tape that allegedly involved communications regarding the incident that led to Williams's arrest. She received the tape. In May 1997, the prosecutor's office made its own public records request to the Cincinnati Police for the same 911 tape. But the tape was not available because, under established police policy, it was destroyed ninety days after the December 23, 1996 incident.

Because the tape had been destroyed, the prosecutor, after making an informal request to Jones for a copy, issued a subpoena for it. But Jones, who did not plan on using the tape at trial, refused to disclose it.

The trial court ordered Jones to disclose the tape "as a matter of discovery." After Jones continued to refuse to turn it over, the court held her in contempt and sentenced her to six months in jail, suspended pending appeal.

Jones now appeals from the court's order to turn over the tape and from the court's finding of contempt.[1] Jones asserts two assignments of error. In her first assignment, she asserts that the court erred by requiring her to disclose the tape as a matter of discovery. We agree.

We are presented with an issue that has not been addressed in any cases that we can find: the prosecution wants a 911 tape in the possession of the defense because the prosecution failed to make a timely public records request for it. The trial court addressed this issue as "a matter of discovery" and issued its order pursuant to its duty to enforce compliance with the discovery process. Thus, even though the prosecution attempted to subpoena the tape from Jones, the issue of the effect of a subpoena for a public record in possession of a defendant or a third party is not before us. Rather, the issue before us is one of discovery. Thus, we turn to Crim.R. 16.

Generally, Crim.R. 16 governs discovery. Under Crim.R. 16(C)(1)(a), a defendant must disclose tangible objects, which include copies of 911 tapes, if this evidence is within his or her control, and if he or she "intends to introduce [it] in

---

1. We have *sua sponte* removed this appeal from the accelerated calendar.

evidence at the trial." The prosecution argues that the defense should be required to disclose the tape because it is generally considered a public record.[2]

But, under the plain language of Crim.R. 16, a defendant is only required to disclose tangible evidence if he or she intends to use it at trial—the evidence's status as a public record is not relevant under the rule. Jones has stressed that she does not intend to introduce the tape at trial. We follow the plain language of Crim.R. 16 and hold that the trial court had no power under the Rules of Criminal Procedure to order her to disclose it. Because the court's order was improper, Jones should not have been held in contempt for failing to obey it.

We stress that the Rules of Criminal Procedure do not mandate "full," or "open file," discovery.[3] Although the prosecution has a constitutional duty to disclose evidence favorable to a defendant,[4] the defendant is not required to disclose evidence favorable to the prosecution. When it is absolutely necessary, a trial court does have discretion to grant discovery beyond the scope of that required by Crim.R. 16.[5] But here, the prosecution, which we assume only speculates that the 911 tape might be favorable to its case, has not offered any adequate reasons why it should be entitled to the tape. Thus, the court improperly exceeded the scope of Crim.R. 16 by ordering that Jones disclose it.

In Jones's second assignment, she asserts that the trial court denied her due process of law by holding her in contempt. She argues that the court's contempt order did not recognize her responsibilities under the Code of Professional Responsibility. Because we have already held that the court should not have held Jones in contempt, we hold that her second assignment is moot, and we decline to address it.[6]

Therefore, we reverse the judgment of the trial court, including the order of contempt.

*Judgment reversed.*

DOAN, P.J., and GORMAN, J., concur.

---

2. See *State ex rel. Cincinnati Enquirer v. Hamilton Cty.* (1995), 75 Ohio St.3d 374, 376, 662 N.E.2d 334, 336 (911 tapes are public records).

3. See *State ex. rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 428, 639 N.E.2d 83, 89.

4. *Brady v. Maryland* (1963), 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–1197, 10 L.Ed.2d 215, 218–219; Crim.R. 16(B)(1)(f).

5. *State v. Simmons* (1993), 87 Ohio App.3d 290, 292–293, 622 N.E.2d 22, 24–25 (quoting *State v. Stutts* [Jan. 2, 1991], Lorain App. No. 90CA004879, unreported, 1991 WL 1964).

6. See App.R. 12(A)(1)(c).