OPINION
Defendant-appellant William Lane ("appellant") appeals from his conviction for disorderly conduct in violation of Cleveland Codified Ordinance § 605.03(a)(1).
Appellant assigns the following errors for review:
 I. THE COURT'S FINDING OF GUILTY AGAINST THE DEFENDANT FOR DISORDERLY CONDUCT IN VIOLATION OF SECTION 605.03 OF THE CITY OF CLEVELAND MUNICIPAL CODE WAS AGAINST THE WEIGHT OF THE EVIDENCE.
 II. THE TRIAL COURT ERRED IN HOLDING THE PRO SE APPELLANT TO THE SAME STRINGENT PROCEDURAL STANDARDS OF AN ATTORNEY AND THEREBY VIOLATED HIS DUE PROCESS RIGHTS TO A FAIR TRIAL.
 III. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR DISCOVERY AND THEREBY VIOLATED HIS DUE PROCESS RIGHT TO A FAIR TRIAL.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On June 2, 1998, appellant was arrested at the Metro Health Medical Center for criminal trespass and disorderly conduct. On June 25, 1998, appellant, appearing pro se, filed a motion for discovery in which he requested a copy of the police report, an authorized copy of his medical records from the Metro Health Emergency Room for treatment received there on June 1, 1998, the name of the doctor who treated appellant, and the address of another patient who witnessed the treatment appellant received on June 1, 1998, at the Metro Health Emergency Room. On July 14, 1998, appellant filed a motion for subpoena duces tecum requesting the film from Metro Health's security camera. The City of Cleveland never responded to appellant's motions. The trial court issued no rulings on appellant's discovery motions prior to trial.
On July 21, 1998, appellant appeared before the trial court on the charges. The City of Cleveland nolled the criminal trespass complaint. The following exchange occurred between appellant and the trial court:
 THE DEFENDANT: I also move for a subpoena deuces tecum for the camera tape.
 THE COURT: A motion. You need a lawyer to get that done.
THE DEFENDANT: Can you make a motion, ma'am?
THE COURT: No.
THE DEFENDANT: Is there some reason for that?
 THE COURT: I just don't do that. I'm not a lawyer. I'm a judge. I don't gather the evidence. I review and look at it after they bring it to me.
 THE DEFENDANT: I'm asking the Court — they have a camera on the premises.
 THE COURT: I understand what you are asking for. I am telling you I can't do it. I can appoint you a lawyer. I need to get done. Are you putting in a motion or are you going to have a hearing?
* * *
 THE COURT: As Judge, I can't subpoena you your witnesses.
THE DEFENDANT: I am asking for —
 THE COURT: I don't care how many times you've asked, I can't do that. You need a lawyer to do that or go down to the Clerk's Office and ask them to issue a subpoena for you. I can't do that.
 THE DEFENDANT: I'm not asking for witnesses. I am asking for the tape, the security tape.
 THE COURT: I'm not dumb and I'm not retarded. I know what you are asking for.
THE DEFENDANT: Yes, ma'am. I need —
 THE COURT: What exactly for — okay. You don't need to tie up my courtroom all morning on this minor misdemeanor. We will have a hearing.
(Tr. 2-4). The trial court proceeded to hold a hearing on the disorderly conduct charge.
Officer Carol Lowrie testified that she arrested appellant on June 2, 1998, after observing appellant enter Metro Health Medical Center and sit down in the waiting area at approximately 1:50 a.m. Officer Lowrie approached appellant to inquire if he was there to be treated by the Emergency Room Department. Appellant replied that he already had been seen by the staff and discharged. Officer Lowrie asked appellant to leave because of the hospital's policy of not having people stay on the premises following discharge. Appellant began arguing with Officer Lowrie, telling her to arrest him.
Following Lowrie's testimony on direct examination, appellant thanked Lowrie for not telling a lie. Appellant stated that what Officer Lowrie had said was true although appellant then said that he was not saying that Lowrie's testimony was true.
Officer Carl Marshall testified he observed appellant at a strip lounge around midnight. Appellant returned to Metro Health Medical Center two hours later although the hospital had discharged appellant earlier. Upon his return to the facility, appellant did not ask to see a doctor or indicate that he was ill. Appellant stated he was waiting for a cab. Officer Marshall heard appellant curse in the waiting room during his confrontation with Officer Lowrie.
The trial court found appellant guilty of the offense. The trial court ordered appellant to pay a thirty dollar ($30.00) fine by August 1, 1998, but there is no record of appellant actually paying the fine.
 II.
In his first assignment of error, appellant contends that the verdict was against the manifest weight of the evidence. Appellant maintains that the record shows he returned to Metro Health Medical Center because he felt ill. There, Officer Lowrie confronted appellant and demanded that he leave. Lowrie arrested appellant when he refused to depart.
To determine whether a conviction is against the manifest weight of the evidence:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing Statev. Martin (1983), 20 Ohio App.3d 172, 175.
Appellant was charged under Cleveland Codified Ordinance § 605.03(a)(1) which provides in pertinent part:
 (a) No person shall recklessly cause inconvenience, annoyance or alarm to another, by doing any of the following:
 (1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior.
"Turbulent behavior" refers to "tumultuous behavior or unruly conduct characterized by violent disturbance or commotion." Statev. Reeder (1985), 18 Ohio St.3d 25, 27. A person may be found to have engaged in turbulent behavior based upon the loudness or aggressiveness of his speech, rather than its content. See Statev. Jackson (Nov. 20, 1998), Montgomery App. No. 17128, unreported.
Most of appellant's references to the record in support of his argument are citations to appellant's unsworn statements made to the trial court during the hearing. As such, the statements were not evidence and will not be considered by this court in determining the weight of the evidence against appellant below. The evidence which was admitted at the hearing showed that appellant refused to vacate the premises of the hospital after repeated requests to do so. Appellant's profane response in the waiting room of a hospital full of patients supported the finding that he engaged in turbulent behavior. Appellant's conviction was not against the manifest weight of the evidence.
Appellant's first assignment of error lacks merit.
 III.
In his second assignment of error, appellant argues the trial court denied him due process by holding appellant, a pro se
defendant, to the same standards to which an attorney is held. Appellant maintains the trial court did not allow him to cross-examine the witnesses against him due to procedural errors. Appellant contends that the trial court was interested primarily in clearing its docket and determined appellant's guilt before appellant presented his side of the case.
A criminal defendant who appears pro se may be held to the same standard of conforming to legal procedure as attorneys. A trial court is not obligated to provide a pro se defendant legal advice as to the best means of presenting his defense. See State v.Ricker (Sep. 30, 1997), Franklin App. No. 97APCO1-96, unreported. A pro se defendant will be expected to abide by the rules of evidence and procedure, regardless of his familiarity with them.State v. Doane (1990), 69 Ohio App.3d 638.
Following Officer Lowrie's direct examination, appellant announced he would "tell you what happened." (Tr. 8). The trial court informed appellant that he could ask Officer Lowrie some questions about what she had said. Appellant replied he would ask her later. The trial court told appellant that this was the time he had to ask questions of the officer or he would waive the right to cross-examine the witness. Appellant then thanked the officer for not coming in and lying. Appellant said he did not need to cross-examine. The trial court stated: "Sir, you don't need to ask her anything?" (Tr. 9). Appellant asked Officer Lowrie no questions then although he did attempt to ask Lowrie a question during his cross-examination of Officer Marshall.
The trial court offered appellant ample opportunity to cross-examine Officer Lowrie but appellant repeatedly refused to do so. Appellant received due process during the hearing.
Appellant's second assignment of error is overruled.
 IV.
In his third assignment of error, appellant contends the trial court erred by denying appellant's discovery motions. The record shows that the trial court failed to rule upon either of appellant's two motions for discovery prior to trial.
Crim.R. 12(E) requires a trial court to rule on pretrial motions prior to the commencement of trial. The failure to comply with the dictates of Crim.R. 12(E) is error but will be considered harmless error unless a defendant demonstrates prejudice. State v. Brewer (1990), 48 Ohio St.3d 50. See alsoState v. Tolbert (1990), 70 Ohio App.3d 372.
Appellant's first discovery motion requested a copy of the police report which is not discoverable under Crim.R. 16(B)(2).State v. Simmons (1993), 87 Ohio App.3d 290, 292. The rest of the motion related to the care appellant received at the Metro Health Medical Center before the incident which led to appellant's arrest. The City of Cleveland never denied appellant had received medical attention earlier in the night. The information itself does not directly relate to what transpired when appellant returned to the Metro Health Medical Center and was arrested. The failure to rule on appellant's first discovery motion did not prejudice appellant.
Appellant also filed another motion for discovery in which he requested the film from the security camera located in the emergency room at the Metro Health Medical Center. Appellant claimed the security camera should have recorded his actions that evening and would exonerate him. There was no response to the motion. Appellant again raised the issue of the security camera film when he appeared before the trial court.
The City of Cleveland maintains that the error was harmless because appellant apparently admitted the truth of the charge against him. The City of Cleveland's argument is based upon the following exchange which took place when appellant was given an opportunity to cross-examine the arresting police officer:
 THE DEFENDANT: Well, I want to say to her thank you for not coming and telling a lie. Thank you for that.
 All right, ma'am. I don't need to cross examine. What she said was true. I thought she was going to fabricate it. I thought you were going to come up with this fantastic story.
 THE COURT: Sir, you don't need to ask her anything?
THE DEFENDANT: I'm not saying what she said was true.
Although appellant appeared to contradict himself, he did state twice that Officer Lowrie told the truth during her testimony. Because of appellant's statements that Officer Lowrie's testimony was truthful, he cannot argue otherwise now. Officer Lowrie's testimony was enough to support appellant's conviction for disorderly conduct. Therefore, appellant has not demonstrated he was prejudiced by the trial court's ruling on his discovery motion.
Appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the, trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J. and PATRICIA A. BLACKMON, J. CONCUR.
 ________________________________ LEO M. SPELLACY JUDGE