DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, the city of Toledo, appeals a decision of the Toledo Municipal Court compelling discovery of two police officers' personnel files. The appellee in this discovery matter, James Spicuzza, sought his arresting officers' disciplinary records and any existing internal affairs investigation documents, arguing that the city must provide them pursuant to R.C. 149.43, the public records statute. Because the Ohio Supreme Court has clearly stated that discovery requests by defendants in pending criminal cases are governed by Crim. R. 16, the trial court abused its discretion in granting appellee's motion to compel, and we reverse the trial court's decision.
 {¶ 2} On May 17, 2004, appellee was arrested and charged with assault, pursuant to Toledo Municipal Code 537.03, and resisting arrest, pursuant to Toledo Municipal Code 525.09. Appellee pled not guilty to both charges. On May 24, 2004, appellee filed a request for discovery and the city responded on June 1, 2004.
 {¶ 3} Appellee filed a second discovery request on September 24, 2004, and specifically requested the personnel files of the two police officers involved in the arrest. Appellant supplemented its discovery responses; however, the requested personnel information was omitted. Appellee, in response, filed a motion to compel discovery on October 22, 2004, to which appellant filed a written objection. Appellant objected on the basis that the requested documents were neither material nor favorable to appellee's defense, and were outside the purview of Crim. R. 16.
 {¶ 4} The court granted appellee's motion to compel on December 28, 2004, on the grounds that the documents were not confidential law enforcement records, and were therefore subject to disclosure as public records pursuant to R.C. 149.43. Appellant filed a timely notice of appeal and proposes the following assignment of error:
 {¶ 5} "THE TRIAL COURT'S JUDGMENT ENTRY ORDERING THE PLAINTIFF TO RELEASE THE OFFICERS' DISCIPLINARY RECORDS WAS AN ABUSE OF DISCRETION."
 {¶ 6} Trial courts enjoy considerable discretion when managing discovery proceedings. Svoboda v. Clear Channel Communs.,156 Ohio App.3d 307, 2004-Ohio-894, at ¶ 9. "[A]bsent an abuse of discretion, an appellate court must affirm a trial court's disposition of discovery issues." State ex. rel. The V Cos. v. Marshall (1998),81 Ohio St.3d 467, 469. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 7} The city contends that appellee's discovery request for police officer personnel records exceeded the scope of Crim. R. 16, and therefore, the trial court abused its discretion in granting appellee's motion to compel. Additionally, appellant asserts that Crim. R. 16 controls R.C. 149.43, the public records statute, and is thus the only means by which a defendant may seek discovery. Pursuant to Crim. R. 16, a criminal defendant must establish the materiality and relevancy of requested evidence before the state must disclose it.
 {¶ 8} Although appellate courts hesitate to reverse a trial court's decisions on discovery issues, the law governing a criminal defendant's discovery requests made pursuant to the public records statute is clear. In 1994, the Ohio Supreme Court ended the use of the public records statute, R.C. 149.43, in pending criminal cases to obtain documents from law enforcement officials which are outside the scope of Crim. R. 16. "In the criminal proceeding itself, a defendant may use only Crim. R. 16 to obtain discovery." State ex rel. Steckman v. Jackson (1994),70 Ohio St.3d 420, paragraph two of the syllabus. Instead of filing requests for documents otherwise obtainable through R.C. 149.43 during the discovery process in a pending criminal case, criminal defendants must, in accordance with R.C. 149.43(C), use mandamus. Id. at paragraph one of the syllabus. See also, State ex rel. Rasul-Bey v. Onunwor, Mayor
(2002), 94 Ohio St.3d 119, 121, finding the defendant in a pending criminal case entitled to a writ of mandamus; documents falling outside the definition of "trial preparation records," such as routine offense and incident reports, are subject to disclosure.
 {¶ 9} In its order compelling the release of the requested records, the trial court cited Toledo Police Patrolmen's Asson. Local 10, IUPA v.Toledo (1994), 94 Ohio App.3d 734. However, this decision only represents the rule that public records must be disclosed even where a party contractually promises to keep such records confidential. Id. at 739. Citation to and reliance upon this authority in the context of a pending criminal case is contrary to law, unreasonable, and an abuse of discretion.
 {¶ 10} Appellee argues that the requested files and documents are material and relevant to the preparation of its defense insofar as appellee's victim was the arresting officer; thus, he argues, the documents are relevant to impeachment and character issues. In support, appellee cites City of Toledo v. Baer (December 31, 1986), 6th Dist. No. L8-6-132, and Henneman v. Toledo (December 24, 1986), 6th Dist. No. L-86-026. Decided pre-Steckman, these cases were decided upon the issue of whether certain documents requested during discovery were shielded by executive privilege. The plaintiff in Henneman alleged a violation of her right to due process pursuant to 42 U.S.C. 1983, and was denied the internal investigation files of the police officer who, she alleged, committed assault and battery during her arrest. To the extent that the in-camera review procedures of Henneman were adopted by Baer to allow a criminal defendant, in a pending criminal case, to gain access to internal investigation files, it has been clearly overruled by Steckman
and its progeny.
 {¶ 11} Appellant cites State v. Simmons (1993), 87 Ohio App.3d 290, for the rule that a criminal defendant may obtain discovery outside the scope of Crim. R. 16 if he can first "articulate a reasonable, factual basis as to why he believes the records are exculpatory." In Simmons, the Twelfth District Court of Appeals confronted the very issue whichSteckman resolved. In doing so, it noted that "it is generally accepted that it is within the trial court's discretion to grant any discovery beyond the scope of that required by Crim. R. 16." State v. Simmons,
supra, at 292, citing State v. Landrum (1990), 53 Ohio St.3d 107, 119.Simmons found the criminal defendant was not entitled to discovery because he had not "demonstrate[d] any basis as to why he believed the requested records were potentially exculpatory or otherwise relevant to the preparation of a defense." Id. at 294. Steckman, however, since it strictly limited criminal defendants to the use of Crim. R. 16 in discovery cases, appears to eliminate the rule applied in Simmons.
However, Simmons has been subsequently applied to allow for in-camera examinations, upon a criminal defendant's request, for police reports.State v. Fannin, 8th Dist. No. 79991, 2002-Ohio-6312, ¶ 26; State v.Casalicchio (2002), 8th Dist. No. 79431, 2002-Ohio-587. But see, Statev. Cunningham (December 30, 1993), 6th Dist. No. E-92-55, citing Simmons
and stating that "police investigative reports are, in general, not discoverable by the defense" and evaluating the denial of discovery pursuant to Crim. R. 16.
 {¶ 12} Pursuant to State ex rel. Steckman v. Jackson, supra, and its progeny, the order of the Toledo Municipal Court compelling discovery of appellant's arresting officers' files is reversed. Further discovery requests by the parties in this matter are to be evaluated according to Crim. R. 16. Appellee is ordered to pay the costs of this appeal for which sum judgment is rendered against appellee on behalf of Lucas County and for which execution is awarded. See App. R. 24.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J., concur.