The STATE of Ohio, Appellee,

v.

FOREHOPE, Appellant.

[Cite as *State v. Forehope* (1991), 71 Ohio App.3d 435.]

Court of Appeals of Ohio,
Stark County.

No. CA–8248.

Decided April 15, 1991.

*Robert D. Horowitz,* Prosecuting Attorney, and *R. Mark Caldwell,* Assistant Prosecuting Attorney, for appellee.

*James Silvio Manello,* County Public Defender, for appellant.

MILLIGAN, Judge.

Appellant, Shannon Forehope, was convicted of aggravated burglary (R.C. 2911.11) following a jury trial in Stark County Common Pleas Court. He appeals:

## "ASSIGNMENT OF ERROR NO. I

"The trial court abused its discretion and erred as a matter of law when it denied appellant's request that the state of Ohio be required to disclose and furnish appellant with copies of all reports of investigation compiled in appellant's case in violation of appellant's constitutional and statutory rights.

### "A.

"The trial court abused its discretion and erred as a matter of law when it refused appellant's request for an in-camera inspection and to preserve as part

of the trial record all reports of investigation compiled in appellant's case in violation of appellant's constitutional and statutory rights.

### "ASSIGNMENT OF ERROR NO. II

"The trial court abused its discretion and erred as a matter of law when it refused defense counsel the right to cross-examine a state witness concerning bias and/or motive for testifying in violation of the Confrontation Clause of the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Constitution of the state of Ohio.

### "ASSIGNMENT OF ERROR NO. III

"The trial court abused its discretion and erred as a matter of law when it refused defense counsel's request that Mazie Nimen and Jim Gialluca be called as court witnesses in violation of Rule 614 of the Ohio Rules of Evidence, and the Sixth and Fourteenth Amendments to the United States Constitution.

### "ASSIGNMENT OF ERROR NO. IV

"Appellant was denied a fair trial in violation of his constitution [*sic*] and statutory rights when the trial court refused defense counsel the right to cross-examine a state witness regarding oral statements made by the appellant to explain/clarify his written statement where the witness testified to the content's [*sic*] of appellant's written statement on direct examination.

### "ASSIGNMENT OF ERROR NO. V

"The trial court abused its discretion and erred as a matter of law when it refused to admit into evidence a recorded inconsistent statement of the state's principle [*sic*] witness in violation of rule 803(8) of the Ohio Rules of Evidence and the Due Process Clause of the Fourteenth Amendment to the United States Constitution."

On April 5, 1990, Peggy Phillips returned to her home in Canton around 11:00 a.m. She went to the back door of her house, and noticed broken glass from the door on her porch. The door was ajar, and her dogs inside the house were growling.

Phillips ran to a neighbor's house to call the police. As she reached the front of her house, the front door opened. Appellant and Donovan Fortner left her house. She recognized appellant, as he had grown up in the neighborhood. Phillips noticed something under Fortner's coat and something in appellant's pockets.

Phillips ran up to appellant, asking him what he was doing. Appellant told her that her son had something belonging to him, and he was at the house to retrieve it. Fortner and appellant ran in opposite directions. Phillips went to her neighbor's house to call the police; appellant ran to a parked car. When Phillips searched her house, she found missing a gold necklace, wedding ring, other jewelry, a one-hundred-dollar bill, and stereo speakers.

Appellant asserted in a written statement given to the police that he told Fortner that Fortner could get a gun from Phillips' son. Appellant claimed that he saw Fortner going to Phillips' house. When appellant walked over to the house, Fortner was leaving. Fortner told him he was looking for a gun. Appellant alleged that he told Phillips that Fortner was looking for her son's gun. Appellant stated that Phillips' son told him that if he got the gun from Fortner, the charges against appellant would be dropped. Appellant alleged that Phillips' son stole the gun. No guns were reported missing from the home.

After a trial by jury, appellant was convicted of aggravated burglary.

## I

Appellant filed a "motion for specific discovery and motion for exculpatory evidence," requesting:

"The police investigative report regarding the crime for which he was charged, including, but not limited to, by way of example only the 'offense report,' dispatch records, statements and/or confessions of the co-defendant, and statements made by the complaining witness."

Appellant claimed favor of R.C. 149.43, which gives the public access to certain records.

The trial court sustained the motion as to the face sheet and statements or confessions of appellant, but otherwise overruled the motion. Appellant's subpoena duces tecum to the police department for the file was not honored. Appellant observes that the requested records are public records, subject to inspection under R.C. 149.43, and thus discoverable as a matter of law, the state having failed to meet its burden of demonstrating that any of the records fall within an exception to disclosure.

While the Ohio Supreme Court has held that R.C. 149.43 is available to a criminal defendant in a post-conviction proceeding, the court left open the question of its application in an original trial. *State ex rel. Clark v. Toledo* (1990), 54 Ohio St.3d 55, 57, 560 N.E.2d 1313, 1314–1315.

This assignment of error raises the still novel question:

*May an accused defendant invoke the provisions of the Ohio Public Records law, R.C. 149.43, in original criminal proceedings while exercising the procedural mechanism of pretrial discovery articulated in Crim.R. 16?*

We conclude that discovery proceedings in original criminal actions are governed by the provisions of Crim.R. 16. Invocation of the Public Records Law, R.C. 149.43, in the criminal proceeding requires independent compliance with its unique procedural prerequisites to access.

Public information (the public's right to know) and pretrial discovery in a specific case are significantly different. They differ in purpose, method, and targeted persons.

*Discovery* is the means by which attorneys exchange certain information pertaining to a pending case. See Crim.R. 16. A discovery motion or motion to compel discovery is the request upon an *attorney* to produce information, or on the court to require the attorney to produce information. To the contrary, *R.C. 149.43(B)* contemplates a request for records to be made to the person responsible for keeping the record within the *governmental unit* in which such records are maintained.

 In the case *sub judice*, appellant did not make a proper public records request. A motion asking the court to compel the prosecutor to produce the police file is not a request to the appropriate governmental unit. Similarly, a subpoena duces tecum ordering the police department to bring the file to the court hearing is not a request for the records to be made available for inspection at a reasonable time during regular business hours pursuant to R.C. 149.43.

 Although we are disposed, upon examination of the statute, to conclude that the differences between criminal discovery (Crim.R. 16) and public records access (R.C. 149.43) render invocation of R.C. 149.43 inappropriate in *the specific criminal case,* we are constrained by the majority opinion in *State ex rel. Shane v. New Philadelphia Police Dept.* (1990), 56 Ohio St.3d 36, 564 N.E.2d 89, to hold that the *common pleas court exercising jurisdiction in the criminal proceeding* is invested with mandamus-like jurisdiction to hear and resolve a claim of denial of rights granted by R.C. 149.43.[1]

However, since appellant did not properly raise his public records claim, the trial court did not err in overruling the motion for an *in camera* inspection of the file and for sealing of the file.

The first assignment of error is overruled.

---

1. In his concurring judgment in *Shane,* Justice Douglas points out what now becomes the dilemma on the flip side of the question.

## II

The trial court did not permit appellant to cross-examine Phillips as to whether she tried to persuade a neighbor, who was a potential defense witness, to change her story regarding whether a gun was stolen from the house. The neighbor had informed the defense investigator that Phillips told her a gun had been stolen from the house on the day of the burglary.

■ The trial court may, consistent with the Confrontation Clause, impose reasonable limits on cross-examination. See, *e.g., Delaware v. Fensterer* (1985), 474 U.S. 15, 20, 106 S.Ct. 292, 294, 88 L.Ed.2d 15, 19; *Davis v. Alaska* (1974), 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347.

■ Whether Phillips tried to persuade her neighbor to change her story regarding a stolen gun was not relevant to the issue of whether appellant committed aggravated burglary. The neighbor did not testify at trial. Appellant has not demonstrated how such questioning relates to the motive or bias of Phillips. Appellant asserted that Phillips lied about the gun to protect her son who appellant claimed stole the gun; appellant does not establish how this would give Phillips a motive for accusing appellant of burglary.

While the questioning was relevant to impeach Phillips' credibility, appellant did cross-examine Phillips as to whether she told appellant's father about the stolen gun. While she denied talking to appellant's father, he testified that she did talk to him about a stolen gun. Two other witnesses testified that Phillips told them about a stolen gun. The rejected cross-examination evidence would have been cumulative, any error in not permitting such cross-examination as it related to credibility of the witness was harmless beyond a reasonable doubt. See *Chapman v. California* (1967), 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705; Evid.R. 103(A). The trial court did not deny appellant his right to confront witnesses against him, under the United States and Ohio Constitutions.

The second assignment of error is overruled.

## III

■ The court's decision as to whether to call a witness on its own motion under Evid.R. 614(A) is within the court's discretion, and will be reversed only when the court has abused its discretion. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149; *State v. Sherrell* (Nov. 13, 1989), Stark App. No. 7534, unreported, 1989 WL 137258.

■ Appellant wished to show through Nimen that Phillips influenced her to change her story. Through Gialluca, appellant wanted to show that charges were brought against appellant to pressure him to retrieve the gun from Fortner, and to contradict Phillips' testimony.

Appellant has failed to establish the relevance of Gialluca's theft of a gun, which appellant asserts was stolen from the house by Fortner. These two witnesses would have merely served to further impeach Phillips' credibility. The court did not abuse its discretion in failing to call these witnesses on its own motion, nor was appellant denied any of his constitutional rights by the court's failure to call these witnesses.

The third assignment of error is overruled.

## IV

■ Appellant was not permitted to cross-examine a police officer as to oral statements made by appellant at the time he gave his written statement to the officer. Such cross-examination should be permitted, particularly where defense counsel merely attempts to elicit the balance of a prior statement to which the accused has testified on direct. *State v. Thompson* (Feb. 1, 1988), Butler App. No. CA87–01–008, unreported, 1988 WL 10137. However, the limitation of cross-examination is within the sound discretion of the trial court, viewed in relation to the particular facts of the case. *State v. Acre* (1983), 6 Ohio St.3d 140, 6 OBR 197, 451 N.E.2d 802.

■ The court permitted appellant to proffer the oral statements to which the officer would have testified. These statements related to the gun, allegedly stolen by Phillips' son. Their only relevance would be to impeach Phillips' credibility; the statements were not exculpatory to appellant. As discussed in Part II above, other evidence was admitted for this purpose. The court did not abuse its discretion in limiting cross-examination, and appellant was not denied his statutory or constitutional right to a fair trial.

The fourth assignment of error is overruled.

## V

Appellant argues that the court erred in not admitting a recorded prior inconsistent statement into evidence. The recorded statement was the police officer's summary of what Phillips' told him, contained in the police report. Appellant claims favor of Evid.R. 803(8):

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

" * * *

"(8) *Public Records and Reports.* Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, unless offered by defendant, unless the sources of information or other circumstances indicate lack of trustworthiness."

To be admissible under Evid.R. 803(8), the observations must be the first-hand observations of the official making the report. *Cincinnati Ins. v. Volkswagen of America* (1987), 41 Ohio App.3d 239, 535 N.E.2d 702, at paragraph two of the syllabus.

Appellant argues that this report was admissible, as Phillips' statement contained in the report was not offered to prove the truth of the matter asserted, thereby avoiding a nested hearsay problem. However, this report was cumulative of the other evidence impeaching Phillips' credibility, and the court did not abuse its discretion in not admitting the report. See *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343, at paragraph two of the syllabus (the admission or exclusion of relevant evidence rests within the sound discretion of the trial court).

The fifth assignment of error is overruled.

The judgment of the Stark County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PUTMAN, P.J., and SMART, J. concur.