On July 17, 1997, defendant-appellant, Shondale Gibson, was indicted on one count of aggravated murder in violation of R.C. 2903.01(B). The count contained a specification that the murder was committed while committing or attempting to commit an aggravated robbery, a capital offense. A second specification alleged that the murder was committed while appellant had a firearm under his control. R.C. 2941.145. Appellant was also indicted on one count of aggravated robbery, in violation of R.C. 2911.01-(A)(1), with a firearm specification. Appellant pled not guilty to both counts. A jury trial was conducted on January 5-8, 1998.
DeCarlos Givens testified that on the evening of June 12, 1997, the victim, Michael Young, had called him stating that someone giving his name as Lonnie was trying to get into Young's house. Givens and Young were friends (Givens' mother lived across the street from Young) and Givens had been to Young's home on several previous occasions that day.
Givens went to Young's house. Young was on the phone with his girlfriend and was waiting for a ride. Givens spilled a drink and went to the bedroom for a towel. While in the bedroom, Givens heard someone come through the door. He peeked out and observed appellant. Although the person he saw was wearing a mask which covered part of his face, Givens recognized appellant because appellant had been to Givens' home earlier that day looking for Givens' brother, Corey. Givens also testified that he observed that appellant was wearing wire framed glasses. Givens heard appellant demand money from Young, and heard appellant say, "why do you lie? Give me the money." Givens testified that he then heard a shot, heard footsteps go to the kitchen (where an exit door was not operable), and then heard the front door close. Givens exited the bedroom, saw that Young had been shot, and ran across the street to his house. Givens told his brother that appellant had killed Young. Givens then called the police.
Appellant's trial counsel cross-examined Givens extensively and established that at the time of the trial Givens was living in a youth detention facility. Givens acknowledged that he knew that Young sold drugs and that people had broken into Young's house on three or four occasions. Counsel also cross-examined Givens concerning certain inconsistencies between his account at trial and his previous testimony at appellant's preliminary hearing. These alleged inconsistencies included where Young was wounded, whether Givens initially heard the door being kicked open, and how long and from where Givens observed Young and appellant before the gunshot.
Givens had been shown a photographic lineup and identified appellant. Appellant was arrested eight days after the murder. The investigating officer acknowledged that no physical or scientific evidence linked appellant to the crime. Appellant did not present any witnesses. The jury found appellant guilty and he was sentenced to life imprisonment without parole for the aggravated murder with three years consecutive for the gun specification. Appellant was sentenced to ten years on the aggravated robbery charge to run consecutively to the murder count.
Appellant has raised a single assignment of error claiming that he received ineffective assistance of counsel during his trial. Appellant specifically claims that trial counsel was ineffective because he did not impeach Givens' credibility by questioning him concerning his previous contacts with the law. He also claims that counsel was ineffective because he did not seek to introduce police reports concerning previous break-ins of Young's car and residence, one of which indicated that Young suspected DeCarlos Givens' brother, Corey Givens.
The test an appellate court must apply when reviewing an ineffective assistance of counsel claim is: (1) whether counsel's performance fell below an objective standard of reasonable professional competence, and (2) if so, whether there is a reasonable probability that counsel's unprofessional errors affected the outcome of the proceedings.Strickland v. Washington (1984), 466 U.S. 668, 690-91,104 S.Ct. 2052, 2066. An appellate court reviewing an ineffective assistance of counsel claim must not scrutinize trial counsel's strategic decision to engage in a particular line of questioning on cross-examination. State v. Smallwood (Oct. 14, 1996), Butler App. No. CA95-12-209, unreported. Such decisions are presumed to be the product of a sound trial strategy. SeeState v. Clayton (1980), 62 Ohio St.2d 45, 48-49. Furthermore, judicial scrutiny of counsel's performance is to be highly deferential: "to justify a finding of ineffective assistance of counsel, the appellant must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy." State v. Carter (1995),72 Ohio St.3d 545, 558-59.
Appellant had sought to introduce evidence concerning Givens' juvenile adjudications. At a motion in limine hearing, the trial court stated that the applicable evidentiary rule would preclude the admission of such evidence. The court noted, however, that should Givens indicate that he "never had any police problem with drugs" he could be cross-examined on that matter. During direct examination, Givens never denied involvement with the police or drugs, therefore he did not open the door to cross-examination concerning those matters. His juvenile adjudications were inadmissible pursuant to Evid.R. 609(D). Trial counsel did not neglect to cross-examine Givens or impeach his credibility within the bounds of the law. Therefore, appellant's first claim of ineffective counsel is without merit.
The state sought to prevent appellant from seeking to admit police reports concerning prior break-ins at Young's residence. one of the reports listed Corey Givens as a suspect. At the motion in limine hearing, the trial court stated that the matter could not be decided until evidence had been heard. The court left open the possibility that the evidence could be admitted to show bias and prejudice of a witness. Although DeCarlos Givens did testify that prior break-ins had occurred at Young's residence, no further evidence was admitted on that matter. Appellant now speculates that the trial court might have admitted the police reports had counsel laid more of a foundation for their admission. Such a hypothesis cannot establish ineffectiveness however, as it rests on highly questionable assumptions.
Evid.R. 803(8) provides that the hearsay rule will not preclude admission of:
 Records, reports, statements or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, unless offered by the defendant, unless the sources of information or other circumstances indicate lack of trustworthiness.
Appellant argues that the reports would have been admissible merely because they were offered by the defendant; however, the listing of Corey Givens' name as a suspect in one of the reports was not a firsthand observation of the official making the report or an observation of one with a duty to report to a public official. Petti v. Perna (1993), 86 Ohio App.3d 508,513. Thus, it was inadmissible as hearsay within an otherwise arguably admissible public record. See, e.g., State v. Forehope
(1991), 71 Ohio App.3d 435. Although appellant argues that the statement might have been admissible as an excited utterance, there was no evidence to support that theory, and trial counsel's decision not to pursue such an argument was a reasonable tactical decision which this court will not second-guess. Finally, the trial court could have excluded the report listing Corey Givens as a suspect altogether; its relevance was questionable as that break-in had occurred three months prior to the murder.[1]
Appellant has failed to demonstrate that counsel's performance fell below an objective standard of reasonable professional competence, and has further failed to demonstrate that, but for counsel's performance, there is a reasonable probability that the outcome of the trial would have been different. Having carefully reviewed both of the alleged errors of defense counsel in this case, we find that appellant's ineffective assistance of counsel claim is without merit. Therefore, appellant's assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.
[1] Regardless of temporal proximity, the relevance of a suspected burglary to aggravated robbery and murder is questionable.