This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Frederick Marshall appeals the order of the Lorain County Court of Common Pleas convicting him of domestic violence, abduction, felonious assault, and two firearm specifications. This Court affirms.
 I.
Avis Bozic and her boyfriend Frederick Marshall lived together at 294 North Main Street in Oberlin. On June 27, 1999, Bozic and Marshall had an argument. Bozic attempted to leave the residence. Marshall grabbed Bozic by her hair and dragged her back into the house. Marshall drew a 9 mm handgun and forced Bozic onto a couch in the living room. Marshall held Bozic down and struck her in the back of the head with the gun. Marshall threatened to kill Bozic. Marshall told Bozic "The cops are going to come anyway, who cares?" Bozic was able to flee the residence, and she went to her boat at Battery Park Marina in Sandusky for the night.
The next morning Bozic sought medical treatment for her injuries. Bozic had bruises about her arms and legs, pain in the back of her head and neck, and left wrist pain. Still visibly shaken, Bozic disclosed to medical personnel that she was assaulted and described her injuries. Bozic also disclosed Marshall's threat to kill her, that he had four guns in the house, and that Marshall was physically violent with her in the past.
While Bozic was receiving treatment, Officer Roger Southworth of the Oberlin Police Department arrived and interviewed her. Still emotional, Bozic disclosed how she was attacked by Marshall, and provided Ofc. Southworth with a written report. Bozic later signed a temporary protection order against Marshall.
Bozic proceeded to her residence that evening. Bozic did not see Marshall there. Bozic had a conversation with next-door neighbor Ann Rucker. As they spoke, they heard a creaking sound in the ceiling. Ann Rucker departed to get her husband, David Rucker. Mr. Rucker investigated and found Marshall hidden in the attic. Bozic fled the residence and went to the Ruckers' house. Mrs. Rucker called police.
Mr. Rucker told Marshall to come out. Marshall complied, but told him not to call police, and that he wanted to talk to Bozic. Mr. Rucker walked Marshall downstairs.
Officers Southworth and Sustansic of O.P.D. arrived on the scene shortly thereafter. They placed Marshall under arrest. The officers noticed alcohol on Marshall's breath. Marshall repeatedly blurted out that he did not mean to hurt Bozic, and that the gun was not loaded.
Bozic bailed Marshall out of jail, and they continued living together. Bozic recanted her disclosures when called before the grand jury.
Marshall was indicted on one count of domestic violence, in violation of R.C. 2919.25(A); one count of abduction, in violation of R.C.2905.02(A)(2); two counts of felonious assault, in violation of R.C.2903.11(A)(1) and (A)(2), with both charges accompanied by firearm specifications.
The matter proceeded to trial. The jury found Marshall guilty as charged. Marshall was sentenced accordingly.
Marshall has timely appealed, alleging six assignments of error.
 II. FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING THE STATE OF OHIO'S MOTION FOR THE COURT TO CALL THE ALLEGED VICTIM, AVIS BOZIC, AS ITS OWN WITNESS PURSUANT TO EVID. RULE 614(A).
In his first assignment of error, Marshall claims he was prejudiced when the victim was called to testify at trial as a court's witness. This Court disagrees.
Evid.R. 614(A) provides that the court may on its own motion or at the suggestion of a party, call witnesses, and all parties are entitled to cross-examine such witnesses. The decision as to whether to call a witness on its own motion pursuant to Evid.R. 614(A) is within the discretion of the trial court, and will be reversed only for an abuse of such discretion. State v. Forehope (1991), 71 Ohio App.3d 435, 441. The Fifth District of Appeals has specifically recognized the discretion of the court to call a domestic violence victim as the court's witness, where the victim changes her testimony at trial. State v. Laird (Mar. 4, 1996), Stark App. No. 95CA216, unreported.
The trial court did not abuse its discretion in calling Bozic as the court's witness. Though the facts of abuse by Marshall against Bozic were manifest, in terms of physical evidence and consistent disclosures by Bozic to medical personnel and police, it was also a fact that Bozic ended up bailing Marshall out of jail and resumed living with him. At grand jury, Bozic recanted much of her earlier statements. Considering that Bozic attempted to retract much of her previous disclosures, it is evident that the surmise of the trial court was correct — the victim was likely to recant her initial disclosures of abuse. By subjecting Bozic to the great engine of truth, cross-examination, by both sides, the trial court ably served the ends of its truth finding function. Accordingly, this Court can discern no abuse of discretion.
Marshall's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW IN ALLOWING THE PROSECUTOR TO USE THE ALLEGED VICTIM'S GRAND JURY TESTIMONY TO IMPEACH THE ALLEGED VICTIM.
In his second assignment of error, Marshall claims it was error to permit the state to use Bozic's grand jury testimony to impeach her during her testimony at trial. However, Marshall failed to object during trial. Accordingly, this Court deems the issue waived. See State v. Long
(1978), 53 Ohio St.2d 91, 96-97.
Marshall's second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW IN ALLOWING SERGEANT CLIFTON BARNES TO TESTIFY AS AN EXPERT ON BEHALF OF THE STATE EVEN THOUGH SAID EXPERT WITNESS WAS NOT DISCLOSED IN DISCOVERY AND NO EXPERT REPORT WAS PROVIDED TO THE DEFENDANT PRIOR TO TRIAL.
In his third assignment of error, Marshall claims that the trial court erred in allowing a witness to testify that was not expressly disclosed during discovery, and to offer expert testimony about the operability of a firearm without having disclosed a report in discovery before trial. This Court disagrees.
Essentially, Marshall is claiming that the state violated the rules of discovery. Crim.R. 16(B)(1)(c) provides that upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, available to or within the possession, custody or control of the state, and which are material to the preparation of his defense, or are intended for use by the prosecuting attorney as evidence at the trial.
A violation of Crim.R.16 constitutes "reversible [error] only when there is a showing that (1) the prosecution's failure to disclose was a willful violation of the rule, (2) foreknowledge of the information would have benefited the accused in the preparation of his defense, and (3) the accused suffered some prejudicial effect." State v. Joseph (1995),73 Ohio St.3d 450, 458. Moreover, Crim.R. 16(B) "only requires the prosecution to disclose, and to permit the defendant to obtain, the information sought." State v. Parker (1990), 53 Ohio St.3d 82, paragraph one of the syllabus.
Marshall has failed to demonstrate any prejudicial effect. Upon objection by defense counsel, the trial court convened a side bar conference and then ordered a lunch recess. During the delay, defense counsel received the officer's report regarding the operability. The practical effect of the delay was to provide the defense a continuance.
Considering the indictment contained two firearm specifications, and that the facts of the case obviously involve Marshall brandishing a firearm at Bozic and striking her with it, Marshall can scarcely claim surprise or prejudice that the state would set out to prove the operability of the firearm. Accordingly the trial court acted within its discretion pursuant to Crim.R. 16.
Marshall's third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW IN ALLOWING PATROLMAN ROGER SOUTHWORTH TO TESTIFY AS AN EXPERT REGARDING THE "CYCLE OF ABUSE" IN DOMESTIC VIOLENCE CASES.
In his fourth assignment of error, Marshall claims that he was prejudiced by an officer giving expert testimony on the cycle of abuse suffered by domestic violence victims. This Court disagrees.
Officer Southworth of the Oberlin Police Department offered testimony that in his experience, women victimized in domestic violence will often recant their disclosures and resume a relationship with their abusers. In a similar case, the Eighth District Court of Appeals concluded that such testimony was admissible:
 Regarding recantation, Officer Wise and Lieutenant Bolton testified that based on their years of professional experience, that at the time of arrest, victims of domestic violence press charges but it is not uncommon for them to recant their testimony. This is not expert testimony as advanced by Payne, but rather testimony based on professional experience. The court did not err in permitting it.
State v. Payne (July 20, 2000), Cuyahoga App. No. 76539, unreported. Accordingly, Marshall has failed to demonstrate any prejudicial error.
Marshall's fourth assignment of error is overruled.
 FIFTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW IN ADMITTING INTO EVIDENCE THE PRIOR STATEMENTS OF THE ALLEGED VICTIM, AVIS BOZIC, FOR PURPOSES OTHER THAN TO IMPEACH THE WITNESSES' CREDIBILITY AS PRIOR INCONSISTENT STATEMENTS.
In his fifth assignment of error, Marshall claims he was prejudiced when the state impeached the witness by prior statements in reference to certain evidentiary exhibits. Specifically, Marshall claims prejudice by the admission of exhibits 1, 2, and 3 as substantive evidence, and the denial of a limiting instruction regarding exhibits 1, 2, and 3 that they were only to be considered for purposes of impeachment. This Court disagrees.
With regards to Marshall's first claim, this Court notes that Marshall failed to object to the admission of exhibits 1, 2, and 3 when proffered by the state. Therefore, Marshall's claim is deemed to have been waived. See Long, supra, at 96-97.
With regard to Marshall's second claim, this Court concludes that Marshall's request for a limiting instruction under Evid.R. 613 was not warranted, because exhibits 1 and 2 were admissible as substantive evidence for purposes of medical diagnosis and treatment. See Evid.R. 803(4). Exhibit 3, a police report containing Bozic's initial disclosures to police about being assaulted by Marshall, was merely cumulative to the information she provided to the medical personnel in exhibits 1 and 2, and, therefore, was not prejudicial to Marshall.
Marshall's fifth assignment of error is overruled.
 SIXTH ASSIGNMENT OF ERROR DEFENDANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF EVIDENCE.
In his sixth assignment of error, Marshall claims that his convictions were not supported by the manifest weight of the evidence. Specifically, Marshall argues that Bozic's disclosures the day after she was abused lack credibility. This Court disagrees.
It is well settled that the weight and credibility of the evidence is the province of the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. In the instant case, Bozic made consistent disclosures to medical personnel and police. In detail, she described the abuse she suffered at the hands of Marshall. Marshall and Bozic were arguing. When Bozic attempted to leave their residence, Marshall dragged her back in by her hair. Marshall drew a handgun and forced Bozic onto a couch, threatening her life. Marshall then struck her on the back of the head. Bozic escaped thereafter. The next day Bozic sought medical treatment for pain in the back of her head and neck, and had bruises about her arms and legs. Bozic's recantation in grand jury occurred after she bailed Marshall out of jail and resumed living with him.
When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Otten (1986),33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
Based on the record before this Court, we cannot conclude that the jury clearly lost its way. Bozic's disclosures were bolstered by their initial detailed consistency and corroborating physical injuries. The jury had an ample basis upon which to conclude that Bozic's subsequent recantations were a vain attempt to protect her still boyfriend. Accordingly, Marshall's sixth assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
BAIRD, P.J., WHITMORE, J. CONCUR.