[Cite as *Toledo v. Owens*, 2019-Ohio-311.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio/City of Toledo

      Appellee

v.

Tationa M. Owens

      Appellant

Court of Appeals Nos. L-18-1056
L-18-1057

Trial Court Nos. CRB-17-13177

**<u>DECISION AND JUDGMENT</u>**

Decided: February 1, 2019

* * * * *

David Toska, Chief Prosecutor, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

**{¶ 1}** In this consolidated appeal, appellant, Tationa Owens, appeals the judgments

of the Toledo Municipal Court finding her guilty of one count of domestic violence in

violation of R.C. 2919.25(A), a misdemeanor of the first degree in case No. CRB-17-

13177-0102, and one count of assault in violation of R.C. 2903.13(A), a misdemeanor of

the first degree in case No. CRB-17-13177-0202, and sentencing her to a suspended sentence of 180 days in jail. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} The following facts are taken from the bench trial held on February 15, 2018. At the trial, the state called as its only witness, the alleged victim, K.J. K.J. testified that on the evening of October 19, 2017, he arrived at a bar on Nebraska Avenue, in Toledo, Ohio. There, he ran into appellant, who is his ex-girlfriend and the mother of one of his children. K.J. testified that appellant approached him and started pushing and grabbing him, and asking him to go outside so that they could talk. K.J. refused, and then went to the other side of the bar. He testified that appellant followed him and continued to harass him, at which point he called 911. According to K.J., while he was talking on the phone, appellant threw a cup of liquor in his face and eyes. Appellant was then kicked out of the bar. K.J. testified that he composed himself, and about ten minutes later, left the bar to go home. The manager escorted K.J. to his car. As they were walking, K.J. testified that appellant came speeding over to him in her car, jumped out of the car, and started spraying him in the face with mace. Appellant then fled the scene.

{¶ 3} After K.J.'s testimony, the state rested. Appellant moved for an acquittal pursuant to Crim.R. 29, which the trial court denied. Appellant then took the stand in her own defense.

{¶ 4} Appellant testified that K.J. had been physically abusive toward her in their relationship together. She explained that on the night of the incident, she was outside of

2.

the bar when she saw K.J. walking down the sidewalk. Appellant denied that she saw K.J. at any point inside of the bar. As K.J. was walking, appellant said to him, "Hey, did you forget we had a child together?" Appellant then criticized K.J. for not taking care of his child and for going around partying. She testified that at that point, K.J. slapped her, causing her to drop her keys and phone. Appellant stated that another person picked up her phone and keys, and as he was handing them to her, K.J. was approaching again. Appellant testified that is when she maced him, because she thought that he was going to strike her again.

{¶ 5} After hearing the testimony, the trial court found that appellant had not met the burden of proving self-defense by a preponderance of the evidence. Therefore, the trial court found appellant guilty, found that the two offenses merged, and sentenced her to a suspended sentence of 180 days in jail and one year of inactive probation.

## II. Assignments of Error

{¶ 6} Appellant has timely appealed the trial court's judgments of conviction, and now asserts two assignments of error for our review:

1. The trial court erred to the prejudice of Appellant in finding that Appellant failed to establish the affirmative defense of self-defense.

2. Appellant received ineffective assistance of counsel in violation of her rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Ohio Constitution.

3.

## III. Analysis

{¶ 7} In her first assignment of error, appellant presents what is essentially a manifest weight argument in that she contests the trial court's finding that she did not prove self-defense by a preponderance of the evidence.

{¶ 8} When reviewing for manifest weight,

> The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 220, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶ 9} To be entitled to the affirmative defense of self-defense against non-deadly force, appellant must prove by a preponderance of the evidence "(1) that the defendant was not at fault in creating the situation giving rise to the altercation; and (2) that [she] had reasonable grounds to believe and an honest belief, even though mistaken, that [she] was in imminent danger of bodily harm and [her] only means to protect [herself] from such danger was by the use of force not likely to cause death or great bodily harm." *State v. D.H.*, 169 Ohio App.3d 798, 2006-Ohio-6953, 865 N.E.2d 90, ¶ 30 (10th Dist.).

4.

{¶ 10} In support of her argument, appellant relies on her testimony that K.J. slapped her, and that she had a reasonable belief that he was going to strike her again. However, in finding appellant guilty, the trial court noted that it did not find either appellant or K.J. to be credible.[1] "Although under a manifest weight standard we consider the credibility of witnesses, we extend special deference to the trier-of-fact's credibility determinations given that it is the trier-of-fact that has the benefit of seeing the witnesses testify, observing their facial expressions and body language, hearing their voice inflections, and discerning qualities such as hesitancy, equivocation, and candor." *Toledo v. Whiting*, 6th Dist. Lucas Nos. L-17-1133, L-17-1247, 2019-Ohio-56, ¶ 36, citing *State v. Fell*, 6th Dist. Lucas No. L-10-1162, 2012-Ohio-616, ¶ 14. Here, while we extend deference to the trial court's determination of credibility, our review leads us to determine that to the extent appellant or K.J. are credible, they are equally credible. Thus, given the conflicting accounts of the event by appellant and K.J., we find that this is not the special case where the trial court clearly lost its way and created a manifest miscarriage of justice. Therefore, we hold that appellant's conviction is not against the manifest weight of the evidence.

{¶ 11} Accordingly, appellant's first assignment of error is not well-taken.

{¶ 12} In her second assignment of error, appellant argues that her trial counsel was ineffective for failing to present witnesses that would have corroborated her version of the event.

---

[1] Despite finding neither party to be particularly credible, the trial court still found appellant guilty because she admitted to spraying K.J. with mace.

5.

{¶ 13} To prevail on a claim of ineffective assistance of counsel, appellant must satisfy the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That is, appellant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id.* at 687-688, 694. "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* at 697.

{¶ 14} Here, we find that appellant has failed to satisfy both prongs of the *Strickland* test. While appellant argues that trial counsel should have called additional witnesses, appellant does not point to who those witnesses might be or to what they might state in their testimony. Thus, the existence of any corroborating witnesses is purely speculative, and as such appellant has not demonstrated that counsel's performance was deficient, or that a reasonable probability exists that the result of the proceedings would have been different. Therefore, we hold that appellant's claim of ineffective assistance of counsel must fail.

{¶ 15} Accordingly, appellant's second assignment of error is not well-taken.

### IV. Conclusion

{¶ 16} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgments of the Toledo Municipal Court are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

6.

**{¶ 17}** Finally, we sua sponte note that the trial court's judgment of conviction entered on April 19, 2018, does not state that it merged the two offenses. Thus, we remand the matter to the trial court to enter a nunc pro tunc judgment entry reflecting that the offenses are merged for purposes of sentencing.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.